■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE LAWLEY, Appellant. [714 NYS2d 127] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered March 19, 1999, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The defendant did not dispute that he threw a pot of boiling water at the complainant with the intent to injure him. The only issue was whether the defendant acted with legal justification. On appeal, the defendant contends that the testimony of the prosecution witnesses was unworthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be afforded great weight on appeal and should not be disturbed unless unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Based on the evidence adduced at trial, which included corroborating testimony from an independent witness and the medical evidence of the complainant's injuries (second degree burns on his back, arm, and buttocks), we discern no basis to disturb the jury's resolution of the credibility issue and its rejection of the defendant's justification defense. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.