THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MEDINA, Appellant. [732 NYS2d 411] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered July 6, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The court properly exercised its discretion in employing a screening procedure to control access to the courtroom during the undercover officer's testimony in light of the officer's *Hinton* hearing testimony that he was to continue working in the area of defendant's arrest, that he had cases pending in the same courthouse, that he had received threats in the past, that he feared for his safety and the integrity of his ongoing operations, and that he always employed security precautions when appearing in court (*see, People v Jones*, 96 NY2d 213). Although a closure of the courtroom to the general public would have been justified on this record (*People v Ramos*, 90 NY2d 490, 499, *cert denied sub nom. Ayala v New York*, 522 US 1002), the court employed a less restrictive alternative.

The court properly exercised its discretion in permitting the officer to testify anonymously (*see, People v Kearse*, 215 AD2d 104, *lv denied* 86 NY2d 797), in light of the unique nature of his name. Defendant failed to preserve his claim that knowledge of the officer's name would have permitted him to conduct

an investigation concerning the officer's testimony at other trials that might have unearthed impeachment material, and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that there is no indication that knowledge of the officer's name would have provided any practical benefit.

Defendant's ineffective assistance claim is not properly before this Court since it rests upon allegations dehors the record concerning trial counsel's failure to call a witness. Although defendant raised this issue in an unsuccessful CPL 440.10 motion, that motion is not before us because defendant did not obtain leave to appeal to this Court from the denial of that motion (CPL 450.15 [1]; *People v Dukes*, 284 AD2d 236). On the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Tom, Rubin, Buckley and Marlow, JJ.