■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY WARD, Appellant. [737 NYS2d 318] —Appeal from a judgment of Supreme Court, Monroe County (Sirkin, J.), entered June 17, 1999, convicting defendant after a jury trial of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [2]). We agree with defendant that the People were required to provide him with a ballistics report concerning the analysis of spent bullet casings found at the scene (*see,* CPL 240.20 [1] [c]; *see also, People v Jenkins,* 284 AD2d 550). We conclude, however, that reversal is not required based on the People's delay in providing him with that report because he was not substantially prejudiced by the delay (*see, People v Benitez,* 221 AD2d 965, 966, *lv denied* 87 NY2d 970). We reject defendant's additional contention that the report constituted *Brady* material; the information contained in the report was not exculpatory. In any event, even assuming, arguendo, that the report constituted *Brady* material, we conclude that defendant was provided with the report at a time when he had a meaningful opportunity to use it (*see, People v Jackson,* 281 AD2d 906, 907, *lv denied* 96 NY2d 920). We further conclude that Supreme Court did not abuse its discretion in denying defendant's request for a continuance of an unspecified length after the People provided him with the report. Defendant failed to demonstrate that a continuance would produce evidence that would be material and favorable to the defense (*see, People v Tillman,* 261 AD2d 854, 855, *lv denied* 93 NY2d 980).

The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, the fact that the victim has a criminal record did not render his testimony inherently unreliable (*see, People v Toro,* 272 AD2d 351, *lv denied* 95 NY2d 970). The resolution of

credibility issues is primarily for the jury, which saw and heard the witnesses (*see, People v Lawley,* 276 AD2d 643, *lv denied* 96 NY2d 736), and we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra* at 495). Given the violent nature of the crime and defendant's criminal record, we conclude that the sentence is neither unduly harsh nor severe. In his pro se supplemental brief, defendant contends that defense counsel was ineffective for failing to call the codefendant as a witness. The codefendant had been acquitted of all charges stemming from this incident following a separate trial. Because the reasons for defense counsel's decision not to call the codefendant as a witness do not appear in the record, defendant's remedy is a motion pursuant to CPL article 440 (*see, People v Chiera,* 255 AD2d 685, 686). From our review of the record, we conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.