THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS N. MARTINEZ, Appellant. [742 NYS2d 754] —Appeal from a judgment of Chautauqua County Court (Ward, J.), entered March 13, 2000, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of selling cocaine on two separate occasions to different

undercover sheriff's deputies in Jamestown. A paid confidential informant set up both transactions. County Court refused to order disclosure of the informant's identity, but nevertheless gave a missing witness charge with respect to the People's failure to call the informant as a witness.

Contrary to defendant's contention, the court properly determined after a hearing outside the presence of the jury that notice pursuant to CPL 710.30 (1) (b) was not required with respect to the viewing of defendant's photograph by one of the two deputies. The deputy viewed the photograph immediately before the first sale for the purpose of identifying the target of the investigation and then viewed the photograph immediately after the first sale for the purpose of confirming the identity of the person who sold him the cocaine (*see People v Chavys*, 263 AD2d 964, 965, *lv denied* 94 NY2d 821; *People v Johnson*, 213 AD2d 1067, *lv denied* 85 NY2d 939). He subsequently viewed the photograph on two or three other occasions while preparing for trial only because it was appended to defendant's file (*see People v Herner*, 85 NY2d 877; *People v Jerold*, 278 AD2d 804, *lv denied* 96 NY2d 801; *People v Morales*, 248 AD2d 173, *lv denied* 92 NY2d 857).

Defendant further contends that, because he interposed an alibi defense, he was entitled to disclosure of the informant's identity. That alibi defense, however, is weak and unconvincing. Although defendant's stepdaughter and wife testified concerning defendant's general routine, they could not say where defendant was on the dates in question. In contrast, the People's case rests on the unequivocal in-court identifications of defendant by the deputies, who separately purchased cocaine from defendant on consecutive days either at the doorway of defendant's home or just outside it. Because of the weakness of the alibi defense and the strength of the People's case, the court did not abuse its discretion in refusing to order disclosure of the informant's identity (*see People v Lloyd*, 55 AD2d 171, 173-174, *affd* 43 NY2d 686; *People v Jefferson*, 181 AD2d 1007, *lv denied* 80 NY2d 833; *see also People v Goggins*, 34 NY2d 163, 172-173, *cert denied* 419 US 1012).

Defendant's further contention with respect to the court's charge on reasonable doubt is not preserved for our review (*see* CPL 470.05 [2]; *People v Saunders*, 283 AD2d 523, *lv denied* 96 NY2d 924; *People v Uraca*, 195 AD2d 377, *lv denied* 82 NY2d 728). In any event, that contention is without merit (*see People v Antommarchi*, 80 NY2d 247, 251-252, *rearg denied* 81 NY2d 759).

Also without merit is the contention of defendant that he

was entitled to a missing witness charge with respect to the officers involved in the investigation who were in the area for surveillance. There is no evidence that those officers were "in a position to make any relevant observations" (*People v Tavarez,* 288 AD2d 120, 120, *lv denied* 97 NY2d 709; *see People v Coleman,* 288 AD2d 49, 50; *People v Vasquez,* 272 AD2d 226, *lv denied* 95 NY2d 872). We further conclude that any error in the missing witness charge given with respect to the informant is harmless (*see People v Govan,* 288 AD2d 235). The proof of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Crimmins,* 36 NY2d 230, 242).

We also conclude that the court's *Sandoval* compromise was not an abuse of discretion (*see People v Wheeler,* 281 AD2d 949, *lv denied* 96 NY2d 836; *People v Brockway,* 277 AD2d 482, 485; *see generally People v Walker,* 83 NY2d 455, 458-459). The contention of defendant that he was denied effective assistance of counsel is not properly before us because "it rests upon allegations dehors the record" (*People v Medina,* 288 AD2d 61, 62; *see People v Ward,* 291 AD2d 906). Finally, the sentence is not unduly harsh or severe. Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.