◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOSCA, Appellant. [741 NYS2d 780] —Appeal from a judgment of Herkimer County Court (Kirk, J.), entered March 14, 2000, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and as modified the judgment is affirmed and the matter is remitted to Herkimer County Court for resentencing on count three of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sodomy in the first degree (Penal Law former § 130.50 [3]), five counts of sodomy in the second degree (former § 130.45 [1]) and one count of endangering the welfare of a child (§ 260.10 [1]) in connection with his sexual abuse of four boys. Contrary to defendant's contention, the prosecutor's opening statement was not improper. Defendant's contention that there is legally insufficient evidence to satisfy the corroboration requirement of CPL 60.50 with respect to certain crimes charged in the indictment is not preserved for our review (*see* 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). Also not preserved for our review are

defendant's additional contentions concerning an incident that occurred during voir dire (*see* 470.05 [2]) and comments made by the prosecutor on summation (*see People v Williams*, 46 NY2d 1070, 1071). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant further contends that his April 29, 1999 statement to police should not have been admitted in evidence at trial because there were discrepancies between the trial testimony of two investigators and discrepancies between the trial and hearing testimony of one of those investigators. That contention is not properly before us. "Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling" (*People v Gold*, 249 AD2d 414, 415, *lv denied* 92 NY2d 897; *see People v DeBaptiste*, 286 AD2d 341). The contention of defendant that he was denied effective assistance of counsel also is not properly before us, because "it rests upon allegations dehors the record" (*People v Medina*, 288 AD2d 61, 62; *see People v Ward*, 291 AD2d 906).

Finally, although the aggregate sentence is not unduly harsh or severe, the determinate term of imprisonment imposed on count three of the indictment is illegal. The People failed to prove that the crime of sodomy in the first degree alleged in that count was committed on or after September 1, 1998 (*see* L 1998, ch 1, § 44), and thus the only authorized sentence for that count is an indeterminate term of imprisonment pursuant to Penal Law § 70.02 (former [3] [a]). We therefore modify the judgment by vacating the sentence imposed on count three of the indictment, and we remit the matter to Herkimer County Court for resentencing on that count. Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.