FOURTH DEPARTMENT, JULY, 2005

(July 1, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GILES, Appellant. [798 NYS2d 635]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered March 24, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and hindering prosecution in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and hindering prosecution in the first degree

(§ 205.65). Contrary to defendant's contention, County Court did not abuse its discretion in admitting certain photographs of the victim's charred body in evidence. The two photographs at issue were direct evidence in support of the charge of hindering prosecution (see § 205.50 [4]). In addition, one of the photographs was used to illustrate and corroborate the testimony of the Assistant Chief Medical Examiner, particularly his testimony concerning pulmonary edema as a result of drowning, and the other was used to illustrate that certain brands of canned corn and ham found near the body in a parking lot were also found at the residence where the murder took place. "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant," and thus we conclude that the photographs were properly admitted in evidence (People v Pobliner, 32 NY2d 356, 370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]; see People v Wood, 79 NY2d 958, 960 [1992]; see also People v Stevens, 76 NY2d 833, 835 [1990]). Contrary to the further contention of defendant, the court properly denied his motion to suppress his statements to the police. "Where, as here, the People have initially demonstrated the legality of the police conduct . . . , the burden of persuasion on the motion to suppress rests with defendant," and defendant failed to meet that burden herein (People v Shields, 125 AD2d 863, 864 [1986], lv denied 69 NY2d 955 [1987]; see People v Di Stefano, 38 NY2d 640, 652 [1976]; People v Drumm, 15 AD3d 910 [2005]).

Defendant failed to preserve for our review his contention that the court's instruction on reasonable doubt was erroneous because it implied that jurors must find an articulable reason to support any doubt (see CPL 470.05 [2]; see also People v Martinez, 294 AD2d 933, 934 [2002], lv denied 98 NY2d 678 [2002]). In any event, that contention is without merit (see People v Antommarchi, 80 NY2d 247, 252 [1992], rearg denied 81 NY2d 759 [1992]; People v Bowles, 265 AD2d 336 [1999]; People v Serrano, 170 AD2d 269 [1991], lv denied 77 NY2d 1000 [1991]; see also CJI2d [NY] Presumption of Innocence, Burden of Proof, Reasonable Doubt), and thus we reject the further contention of defendant that he did not receive meaningful representation based on defense counsel's failure to object to that instruction (see generally People v Baldi, 54 NY2d 137, 147 [1981]).

Also contrary to defendant's contention, the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that defendant is correct that two prosecution witnesses were accomplices, we nevertheless conclude that their testimony was

sufficiently corroborated by the evidence that defendant was wearing the victim's leather jacket after the murder, and that the victim's blood was on that jacket and on other items of clothing worn by defendant (*see* CPL 60.22 [1]; *People v Barnes*, 99 AD2d 877, 878 [1984]; *see generally People v Breland*, 83 NY2d 286, 293 [1994]; *People v Steinberg*, 79 NY2d 673, 683 [1992]; *People v Hudson*, 51 NY2d 233, 237-239 [1980]). The issue concerning the credibility of those witnesses was for the jury (*see Steinberg*, 79 NY2d at 683), and we see no reason to disturb the jury's determination of that issue. Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Pine, JJ.