People v Mosca (2018 NY Slip Op 04918)





People v Mosca


2018 NY Slip Op 04918


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


844 KA 16-01708

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID MOSCA, DEFENDANT-APPELLANT. 






TRACY L. PUGLIESE, CLINTON, FOR DEFENDANT-APPELLANT. 
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Herkimer County Court (Patrick L. Kirk, J.), rendered February 7, 2011. Defendant was resentenced upon his conviction of sodomy in the first degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: On defendant's prior appeal from a judgment convicting him following a jury trial of two counts of sodomy in the first degree (Penal Law former § 130.50 [3]), five counts of sodomy in the second degree (former § 130.45 [1]) and one count of endangering the welfare of a child (§ 260.10 [1]), all in connection with his sexual abuse of four boys, we modified the judgment by vacating the sentence on the conviction of sodomy in the first degree under count three of the indictment, and we remitted the matter for resentencing on that count (People v Mosca, 294 AD2d 938, 939 [4th Dept 2002], lv denied 99 NY2d 538 [2002]). Defendant now appeals from a further resentence imposing a mandatory period of postrelease supervision with respect to the conviction of sodomy in the first degree under count one of the indictment.
Defendant failed to preserve for our review his contention that County Court was deprived of jurisdiction to resentence him by its failure to comply with the time limits set forth in Correction Law
§ 601-d (see People v Manor, 134 AD3d 1400, 1401 [4th Dept 2015], lv denied 27 NY3d 967 [2016]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). The resentence is not unduly harsh or severe.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court