People v Carrasquillo (2019 NY Slip Op 01984)





People v Carrasquillo


2019 NY Slip Op 01984


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1338 KA 16-02174

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDDIE CARRASQUILLO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 15, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). The prosecution arose from an incident that occurred at approximately 6:15 p.m. on a day in August 2014, outside of a house in Syracuse. Two victims were struck by bullets fired from a passing red Honda sedan as they sat on the front porch, killing one of them and injuring the other. Shortly after midnight that night, the police stopped defendant, who was driving a red Honda sedan. The police officer who stopped defendant observed a shell casing sitting in a crease between the car's hood and fender, and a recording from a video camera on a neighboring house depicted a handgun being fired from the driver's window of the car during the shooting. Several witnesses identified defendant as the driver of the car and the person who fired out of the window.
Defendant contends that the verdict is contrary to the weight of the evidence because, inter alia, the surviving victim described an additional shooter who fired a weapon from the rear driver's side seat of the car, thus creating reasonable doubt whether defendant is the person who fired the fatal and injurious shots. We reject that contention. Initially, although the surviving victim's testimony was given through an interpreter and is difficult to follow, contrary to defendant's contention, the surviving victim did not testify that the rear driver's side passenger fired a weapon. In addition, the evidence establishes that the shell casings found at the scene and the shell casing found on defendant's car were all fired from the same weapon, that all of the projectiles recovered from the deceased victim and elsewhere at the scene were fired from a single weapon, that the driver is the only person who can be seen firing a weapon in the video recording, that defendant was the driver and fired a weapon at the victims, that his fingerprints were found on the inside of the driver's door, and that he was later found driving the car. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " Numerous witnesses inculpated defendant[], and the jury could have reasonably concluded that differences in their perception and memory of details of this fast-paced, chaotic event accounted for the inconsistencies' " in the testimony upon which defendant relies (People v Romero, 7 NY3d 633, 636 [2006]). " [T]he jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be [*2]accorded' " (People v Kalinowski, 118 AD3d 1434, 1436 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]).
We reject defendant's further contention that he was deprived of effective assistance of counsel. Contrary to defendant's assertion, defense counsel was not ineffective for failing to call a witness who could bolster the purported testimony of the surviving victim that there was a second shooter. Inasmuch as the uncalled witness provided a deposition indicating, among other things, that she saw defendant shoot the victims, "defense counsel's failure to call [that]
witness[ ] was a matter of strategy" (People v Gonzalez, 62 AD3d 1263, 1265 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; see People v Morgan, 77 AD3d 1419, 1420 [4th Dept 2010], lv denied 15 NY3d 922 [2010]). To the extent that defendant contends that defense counsel was ineffective for failing to introduce evidence of a prior altercation between the deceased victim and the rear driver's side passenger that provided a motive for the passenger to attack the victims, his contention is based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (see People v Resto, 147 AD3d 1331, 1334-1335 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]; People v Lawrence, 23 AD3d 1039, 1040 [4th Dept 2005], lv denied 6 NY3d 835 [2006]; People v Ward, 291 AD2d 906, 907 [4th Dept 2002], lv denied 98 NY2d 641 [2002]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court