■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.) rendered October 6, 1989, convicting him of grand larceny in the fourth degree, criminal mischief in the third degree, unauthorized use of a vehicle in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since no objection was taken with respect to what the defendant now claims was the trial court's excessive involvement in the proceedings during the trial and no motion for a mistrial was made on this basis, this claim of error is unpreserved for appellate review (see, People v Charleston, 56 NY2d 886; CPL 470.05 [2]). In any event, the defendant's contention that the trial court improperly injected itself into the proceedings is belied by the record. "The role of the Trial Judge is neither that of automaton nor advocate" (People v Yut Wai Tom, 53 NY2d 44, 56) and his or her function is to clarify the issues and to facilitate the orderly and expeditious progress of the proceedings (see, People v Yut Wai Tom, supra). This function includes the obligation to encourage clarity in the development of the proof (see, People v Yut Wai Tom, supra, at 56; People v De Jesus, 42 NY2d 519; People v Robinson, 137 AD2d 564). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.