*534 Appeal by the defendant from a judgment of the Supreme Court, Kings County (D’Emic, J.), rendered May 31, 2001, convicting him of course of sexual conduct against a child in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the sufficiency of the evidence adduced by the prosecution corroborating his confessions as required by CPL 60.50 (see CPL 470.05 [2]; People v Santos, 86 NY2d 869, 870-871 [1995]; People v Mosca, 294 AD2d 938 [2002]). In any event, there was sufficient independent evidence to establish the defendant’s commission of the crimes of which he was convicted (see People v Chico, 90 NY2d 585, 588-589 [1997]). Independent evidence established that at the times of the sexual assaults, the defendant was the sole adult present at the crime scenes while the victim’s mother attended Parent-Teacher Association meetings (see People v Lipsky, 57 NY2d 560 [1982]). Furthermore, the victim’s mother testified regarding her daughter’s timely outcry (see People v Anthony D., 259 AD2d 1011 [1999]; People v Bott, 234 AD2d 625, 626 [1996]).
Contrary to the opinion of our dissenting colleagues, we are not persuaded that the defendant was deprived of his right to a fair trial. The defendant contends, and the dissent agrees, that the trial court exhibited bias against him, apparently as a result of its awareness of the evidence of the defendant’s confessions elicited during the course of the pretrial Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]). The defendant suggests that the trial court thus improperly aided the prosecution in eliciting prejudicial testimony from the young complainant. Initially, the defendant failed to raise any specific, relevant objections to the trial court’s alleged bias or its alleged excessive involvement in the examination of the complainant. Thus, these claims are unpreserved for appellate review (see CPL 470.05 [2]; People v Smalls, 293 AD2d 500 [2002]; People v Mujtaba, 251 AD2d 515 [1998]; People v Gonzalez, 246 AD2d 667 [1998]; People v Whitehead, 155 AD2d 567 [1989]). Moreover, as acknowledged by the dissent, the mere fact that a judge presides over a pretrial Huntley hearing (see People v Huntley, supra), *535 does not disqualify that judge from presiding over the nonjury trial that follows, as a judge is presumed to be impartial (see People v Moreno, 70 NY2d 403, 406 [1987]). It is undisputed that the defendant consented to the course of the proceedings.
In any event, the trial court did not usurp the prosecutor’s function. A trial judge is not an “automaton” (People v Yut Wai Tom, 53 NY2d 44, 56 [1981]). A trial judge possesses the discretion to become involved in witness examination to the extent necessary to clarify issues and proof, and to ensure the orderly and expeditious progress of the trial (see People v Fauntleroy, 258 AD2d 664, 665 [1999]; People v White, 210 AD2d 446 [1994]; People v Lee, 175 AD2d 141 [1991]). In this case, at the time of the trial the complaining witness was 11 years of age and she was understandably reticent in providing the traumatic details of her repeated sexual abuse at the hands of the defendant. While the trial court may have engaged in greater reassuring and cajoling conduct than would have been permissible with a typical adult witness, the level of the trial court’s involvement was fully warranted under the circumstances. Moreover, in light of the defendant’s detailed, emotional, apologetic, and clearly credible oral, written, and videotaped confessions, there is simply no basis for the dissent’s conclusion that judicial bias deprived the defendant of a fair trial.
The defendant’s remaining contentions are without merit. S. Miller, Schmidt and Adams, JJ., concur.