[823 NE2d 824, 790 NYS2d 418]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PRADO, Appellant.

Argued November 18, 2004; decided December 16, 2004

## APPEARANCES OF COUNSEL

*Lynn W.L. Fahey*, New York City, for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Diane R. Eisner, Leonard Joblove* and *Anthea H. Bruffee* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

██ ██ Defendant appeals his conviction following a bench trial for sexual abuse of his stepdaughter. With respect to the issue of alleged judicial bias that divided the Appellate Division, we agree with the majority that defendant's claim was unpreserved for appellate review (1 AD3d 533, 534 [2003]). Additionally, defendant's ineffectiveness of counsel claim—that his attorney failed to preserve an objection as to the lack of evidence corroborating his confession as required by CPL 60.50—is without merit. At the close of the evidence, defense counsel made a general motion to dismiss the counts charged, which the trial court denied. While this objection alone would not have been sufficient to preserve the issue for our review (*see e.g. People v Gray*, 86 NY2d 10 [1995]), when coupled with the trial judge's specific findings as to corroboration, the question now on appeal was expressly decided by that court (*see* CPL 470.05).

R.S. SMITH, J. (dissenting in part). I agree with the majority that defendant's judicial bias claim was not preserved, and that his claim that his confession was insufficiently corroborated was preserved. Unlike the majority, I conclude from this that we should decide the claim that was preserved: Was the confession sufficiently corroborated?

The majority avoids deciding this issue on the ground that defendant, on appeal, makes the mistaken assumption that he did not preserve the corroboration issue, and therefore his argument on corroboration is subsumed in an argument that trial counsel was ineffective. In other words, defendant argues on appeal that: (1) his confession was not adequately corroborated; and (2) trial counsel was ineffective for failing to preserve the

point. Since we hold today that the point was preserved, the second half of defendant's argument is unnecessary.

That, in my opinion, is not a reason not to address the first half. Though defendant did not consecrate a separate point heading in his brief to arguing that his confession was insufficiently corroborated, he has made the argument, fully and ably, in his brief and orally. The question presented is, as Judge George B. Smith's dissent demonstrates, a difficult and important one. I do not suggest that I either agree or disagree with my namesake's views on the merits of the question, but I think we ought to decide it.

G.B. SMITH, J. (dissenting). Because defendant's attorney was ineffective in failing to raise or argue that corroboration of defendant's confession was lacking and because the trial court made up its mind that the defendant was guilty prior to the bench trial, defendant was denied a fair trial. Accordingly, I dissent and would grant the defendant a new trial.

Defendant was convicted of course of sexual conduct against a child in the first degree and endangering the welfare of a child. He was sentenced to a determinate prison term of seven years and one year respectively.

The evidence against the defendant consisted of two written confessions and a videotaped confession in which he admitted sexual conduct against the child, his stepdaughter, when she was eight years old. The confessions were introduced through a detective. The child, 11 years old at the time of the trial, denied that the defendant abused her. There was no physical evidence of sexual abuse. The court and the prosecutor repeatedly questioned the child witness about the abuse. The court told the prosecutor to impeach the child's testimony with her grand jury testimony and the prosecution did so, reading questions and answers from that testimony that indicated sexual abuse. The defense attorney objected to the leading questions permitted by the court, "to the way this proceeding is going on," stating, "I think the witness is being intimidated," and to the use of the child's grand jury testimony. The mother of the child testified that the child had told her of the sexual abuse in 2000, three years after it had begun. At the end of the People's case, defendant moved to dismiss the indictment on the grounds that the People had failed to make out a prima facie case but did not specify why a prima facie case had not been made out (*see People v Gray*, 86 NY2d 10, 19 [1995]).

Defendant took the stand and denied that any sexual abuse had occurred. He stated that his statements were coerced by the threatening manner of the police and by his discomfort in a cold room due to air conditioning. No motion to dismiss was made at the end of the entire case.

The problem in this case arose when, at trial, the child denied any sexual abuse had occurred. Thus, some evidence other than her testimony was necessary to comply with CPL 60.50 which states:

> "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed."

The trial court, recognizing that compliance with CPL 60.50 was necessary, indicated that it did not believe the testimony of the child that nothing happened, that the child had been with the defendant when her mother attended Parent/Teacher Association meetings and that there had been a "timely outcry" to the mother even though the child did not tell her mother about the abuse for three years. The court found the defendant guilty.

The Appellate Division affirmed the conviction with two of the five Justices dissenting. The majority concluded that the defendant had not preserved for appellate review the issue of the prosecution's failure to corroborate the confessions. It further concluded that the presence of the defendant in the home while the mother attended PTA meetings and her daughter's "timely outcry" corroborated the confessions. The dissent concluded that the defendant had been denied a fair trial by the trial court's "inappropriate intervention," stating, "The record demonstrates that the trial judge had made up his mind as to the defendant's guilt prior to the nonjury trial. Upon being surprised by the complainant's trial testimony which did not incriminate the defendant, the trial judge took on the role of the prosecutor." (1 AD3d at 537.) One of the dissenting Justices granted defendant leave to appeal.

On this appeal defendant argues that defendant was denied due process of law when the trial court assumed a prosecutorial role by questioning the child witness to the point of badgering her and asking the prosecutor to impeach the witness with her grand jury testimony. Defendant also argues that defendant was denied his right to the effective assistance of counsel when the attorney failed to argue that the evidence of corroboration was insufficient to comply with CPL 60.50.

The defense attorney did not raise the corroboration issue and did not argue against the court's conclusion with respect to corroboration. In failing to do so and to cite CPL 60.50, counsel was ineffective.

CPL 60.50 requires that a confession be corroborated by other evidence indicating that the defendant committed the crime. The trial court found that other evidence in the defendant's presence in the home while the mother attended PTA meetings and in the "timely outcry" of the child to her mother. Presence alone cannot supply the evidence required by CPL 60.50. Moreover, it cannot be seriously contended that there was a prompt outcry in this case when there was no outcry whatsoever for three years (*see People v McDaniel*, 81 NY2d 10 [1993]; *People v Rice*, 75 NY2d 929 [1990]). "One limitation on admissibility of such evidence is that, as its name suggests, the complaint must have been made promptly after the crime" (*People v McDaniel*, 81 NY2d at 17). Moreover, prompt outcry is used to support the testimony of an alleged victim, not to substitute for the witness's denial that a crime took place (*id.*). While the testimony of the child witness before the grand jury might have supplied the missing evidence, that testimony was used only for impeachment purposes and the People did not seek its admission as direct evidence.

In addition to counsel's failure to raise the issue of corroboration, I agree with the dissenters at the Appellate Division that the court at the beginning of the trial indicated that it had made up its mind that the defendant was guilty. The court stated:

> "Let me preface this by saying that obviously if Mr. Prado was innocent, had no involvement in this, then it wouldn't be just for him to plead guilty but let's face it its no secret here. We all watched the videotape. I don't see that happening. So I don't know Mr. Kimmel, do you want take [*sic*] a minute to speak with him or do you—."

Moreover, the court assumed the role of a prosecutor. Thus, it was the court that directed the prosecution to impeach the credibility of the 11-year-old witness by using her grand jury testimony. The prosecution did so and the witness's statements of sexual abuse, made before the grand jury, became part of the record for impeachment purposes. It was not the appropriate role of the trial court to substitute for or to aid the prosecution. In addition, the prosecution did not argue that the testimony

before the grand jury could provide the necessary corroboration pursuant to CPL 60.50.

Accordingly, I would reverse and grant the defendant's request for a new trial.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur; Judge R.S. SMITH dissents in part in an opinion; Judge G.B. SMITH dissents and votes to reverse and order a new trial in a separate opinion.

Order affirmed in a memorandum.