(January 20, 2005)

■ The People of the State of New York, Respondent, v James Schwing, Appellant. [787 NYS2d 715]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 8, 2001 in Albany County, convicting defendant upon his plea of guilty of two counts of the crime of criminal possession of a controlled substance in the third degree.

In December 1999, the City of Albany police department received a 911 call from an identified male reporting that his

brother had been threatened with a gun on Grant Avenue by a male driving a red Chevrolet Blazer for which the caller provided a license plate number. The dispatcher transmitted that information over the radio, after which Police Officer Matthew Couch observed a red Chevrolet Blazer pulling into a gas station a few blocks from Grant Avenue. Couch also observed that the license plate bore the letters "CD" with three numerals followed by a "D," which letters matched those provided by the caller. As defendant got out of the vehicle, Couch drew his weapon and ordered defendant to stop. As Couch began to frisk defendant for weapons, he observed what appeared to be a large amount of crack cocaine on the center console of the Blazer. Couch then placed defendant under arrest and, while searching defendant pursuant to said arrest, found what appeared to be an additional quantity of crack cocaine in defendant's pocket.

As a consequence, defendant thereafter was indicted and charged with two counts of criminal possession of a controlled substance in the third degree. Defendant pleaded guilty as charged and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of not less than 7 nor more than 14 years on each count of the indictment, said sentences to run concurrently. Defendant now appeals.

Initially, defendant contends that Supreme Court erred in denying his motion to suppress the cocaine seized from his person and his automobile. We disagree. It is axiomatic that when a police officer entertains a reasonable suspicion that a person has committed a crime, he or she is authorized to make a forcible stop and detain such person and, in so doing, the officer is authorized to frisk the person if the officer reasonably believes that he or she is in danger of physical injury (see CPL 140.50 [1], [3]; People v Cantor, 36 NY2d 106, 112 [1975]). Here, the police received specific and detailed information concerning the unlawful use and possession of a weapon by a person operating a red Chevrolet Blazer bearing a specific license plate number. Clearly, when Couch observed such vehicle at a gas station a few blocks from where the alleged criminal activity had taken place, he had reasonable suspicion to believe that the operator of the vehicle may have been armed and was thereby authorized to stop and detain defendant, as well as frisk him for weapons. Couch's observation of the cocaine while doing so provided probable cause for defendant's arrest. Contrary to defendant's claim, the 911 call did not constitute an impermissible anonymous tip, inasmuch as the caller identified himself, as well as the place from which he was calling, and it is clear that an identified citizen informant is presumed to be person-

ally reliable (*see People v Vann*, 245 AD2d 818, 819 [1997], *lv denied* 91 NY2d 945 [1998], *lv dismissed* 91 NY2d 978 [1998]). We have considered defendant's remaining contentions and find them to be equally without merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.