■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY FALLER, Appellant. [796 NYS2d 349]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered August 11, 2003, convicting defendant, after a jury trial, of burglary in the first degree and robbery in the first and second degrees, and sentencing him to concurrent terms of 12 years, 12 years and 5 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. The circumstantial evidence establishes that the officers who stopped, for the second time, the car in which defendant was a passenger, were relying on a radio transmission by another officer who had stopped the car a short time before (see People v Gonzalez, 91 NY2d 909 [1998]; People v Mims, 88

NY2d 99, 113-114 [1996]; *People v McCormick*, 302 AD2d 258 [2003], *lv denied* 100 NY2d 540 [2003]). After making the initial stop, the first officer had learned of a robbery committed by two black males about six feet tall wearing North Face black jackets, and had realized that this matched defendant and one other person in the car. The transmission relied upon by the second set of officers contained a description of three black males wearing black jackets, and also included the type of car and a partial New Jersey plate number. This description matched defendant and the car in which he was a passenger. After being stopped the second time, defendant fled, and the second set of officers sent out a radio transmission indicating the fleeing suspect, as well as the street and direction he was fleeing. Yet another officer proceeded to that location and saw defendant, the only black male on the street at the time, running in a manner that forced people out of his way. This officer stopped defendant, who was then taken nearby for a showup identification by the victim of the robbery.

These facts gave rise to, at least, reasonable suspicion for the second stop and ultimate detention of defendant for the purpose of conducting a showup, which occurred a short time after and in close proximity to the robbery (*see People v Rampersant*, 272 AD2d 202 [2000], *lv denied* 95 NY2d 870 [2000]), and resulted in defendant's identification and lawful arrest. Defendant did not preserve his present contention that there was insufficient testimony to determine whether he matched the description given by the victim, and the description radioed by the officer who made the initial stop, and we decline to review it in the interest of justice.

The court properly exercised its discretion in denying defendant's mistrial motion based on a portion of the prosecutor's summation. The challenged remarks were fair responses to defense arguments (*see People v Marks*, 6 NY2d 67, 77-78 [1959], *cert denied* 362 US 912 [1960]), and would not warrant reversal in any event (*see People v D'Alessandro*, 184 AD2d 114, 118-120 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.