THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WOODS, Appellant. [876 NYS2d 285]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered September 21, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (two counts), rape in the first degree, and attempted criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]), rape in the first degree (§ 130.35 [1]), and attempted criminal sexual act in the first degree (§§ 110.00, 130.50 [1]). County Court (Michael F. Pietruszka, J.) did not err in denying the request of defendant for a judicial subpoena duces tecum to enable him to obtain the victim's medical records. Defendant failed to make the requisite factual showing that it was reasonably likely that the records would contain information bearing upon the victim's credibility (*see People v Chatman*, 186 AD2d 1004 [1992], *lv denied* 81 NY2d 761 [1992]).

Contrary to the further contention of defendant, Supreme Court (Deborah A. Haendiges, J.) did not err in denying his motion for a mistrial based upon the victim's testimony, which defendant characterizes as a reference to an "uncharged sexual incident." The record establishes that the victim made no reference to forcible compulsion by defendant and, in any event, the court gave a curative instruction that the jury is presumed to have followed (*see People v Cruz*, 272 AD2d 922, 923 [2000], *affd* 96 NY2d 857 [2001]).

The court also did not err in refusing to redact portions of defendant's statements to the police in which defendant allegedly made references to his past criminal history. The record establishes that there was in fact no reference by defendant to his past criminal history but, rather, his reference was to the rape for which he was under arrest at the time.

We reject defendant's further contention that the court abused its discretion in refusing to instruct the jury that evidence of the victim's previous sexual conduct with defendant could be deemed evidence that the sexual activity between defendant and the victim in this case was consensual. The court properly permitted defendant to offer such evidence (*see* CPL 60.42), and defense counsel on summation referred extensively to that evidence. As the Court of Appeals has noted, courts "have long presumed that jurors have 'sufficient intelligence' to make elementary logical inferences presupposed by the language

of a charge, and hence that defendants are not 'entitled to select the phraseology' that makes such inferences all the more explicit" (*People v Samuels*, 99 NY2d 20, 25-26 [2002]), and here it cannot be gainsaid that jurors are aware that prior sexual encounters that are consensual are relevant in evaluating the victim's credibility in cases involving sexual encounters that are allegedly nonconsensual.

Defendant further contends that the verdict with respect to counts one through four is against the weight of the evidence. Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.

We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of sodomy in the first degree and one count of attempted sodomy in the first degree, and it therefore must be amended to reflect that he was convicted of two counts of criminal sexual act in the first degree and one count of attempted criminal sexual act in the first degree (*see People v Martinez*, 37 AD3d 1099 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.