■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON O. ALLEN, Appellant. [911 NYS2d 528]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered July 25, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [2]), defendant contends that the police lacked the requisite reasonable suspicion to stop the vehicle that he was driving and thus that County Court erred in refusing to suppress the evidence seized as a result of that illegal stop. We reject defendant's contention. The record of the suppression hearing establishes that the police had reasonable suspicion to stop the vehicle, based on the description of the vehicle that was broadcast over the police radio, the proximity of the vehicle to the area where the robbery had occurred, and the fact that the stop was close in time to the commission of the robbery (*see People v Faller*, 19 AD3d 138, 139 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Schwing*, 14 AD3d 867, 868 [2005]; *People v McFadden*, 244 AD2d 887, 888 [1997]).

Defendant further contends that the court erred in denying his motion for a mistrial based upon the testimony of a police officer that defendant was driving a vehicle previously "involved in a couple robberies." We reject that contention. When defense counsel objected to that testimony, the court sustained the objection and instructed the jury to disregard the testimony. It is well settled that "the jury is presumed to have followed" that curative instruction (*People v Woods*, 60 AD3d 1493, 1494 [2009], *lv denied* 12 NY3d 922 [2009]; *see People v Cruz*, 272 AD2d 922, 923 [2000], *affd* 96 NY2d 857 [2001]), and we thus conclude that any prejudice resulting from that single statement by the police officer was thereby alleviated (*see People v Young*, 55 AD3d 1234, 1236 [2008], *lv denied* 11 NY3d 901 [2008]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.