(January 13, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS HILL, Appellant. [914 NYS2d 159]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J.), rendered May 6, 2008, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of 3½ years, unanimously modified, on the law, to the extent of vacating defendant's predicate felony adjudication and remanding for resentencing as a first felony offender, and otherwise affirmed.

Defendant was convicted of violating a Florida statute that penalizes two types of conduct, one of which would not necessarily be a felony in New York. The Florida accusatory instrument mentioned both theories in the alternative. On defendant's motion to controvert the predicate felony statement, the People submitted the Florida sentencing order in an attempt to establish that defendant was convicted under the theory that would constitute a New York felony. Defendant did not respond to the People's submission. After considering the Florida sentencing order, the amount of time defendant actually served in Florida, and Florida's sentencing statutes, the court drew an inference that defendant must have been convicted under the theory corresponding to a New York felony.

The People did not carry their burden of proving beyond a reasonable doubt that defendant had been convicted of a Florida crime that is the equivalent of a felony in New York (see CPL 400.21 [7] [a]). The accusatory instrument was ambiguous, as acknowledged by the People and the court. The ambiguity as to whether defendant was convicted under the theory corresponding to a New York felony is not resolved by the sentencing order on which the court relied. The sentencing order contains

a strong indication that he was convicted under the other theory, although it also contains an indication to the contrary. While defendant did not specifically argue that the sentencing order failed to prove his predicate felon status, the court's express reliance on that document in so adjudicating him preserves the issue for review as a matter of law (*see* CPL 470.05 [2] [issue is preserved for appellate review "if in re(s)ponse to a protest by a party, the court expressly decided the question raised on appeal"]; *People v Prado*, 4 NY3d 725, 726 [2004] [defendant's general objection, "when coupled with the trial judge's specific findings" in denying defendant's application, rendered issue reviewable]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Román, JJ.