# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**629**

**KA 09-01056**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. TYRA, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (NEAL P. MCCLELLAND OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 25, 2009. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, and aggravated driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]) and felony aggravated driving while intoxicated (§ 1192 [2-a]; § 1193 [1] [c] [former (i)]). Defendant contends that County Court abused its discretion in denying his motion for a mistrial after a witness testified that defendant was arrested for driving into a house on the day before the incident at issue occurred. We reject that contention (*see generally People v Ortiz*, 54 NY2d 288, 292). The court instructed the jury to disregard that statement, and "the jury is presumed to have followed" the curative instruction (*People v Woods*, 60 AD3d 1493, 1494, *lv denied* 12 NY3d 922; *see People v Cruz*, 272 AD2d 922, 923, *affd* 96 NY2d 857; *People v Allen*, 78 AD3d 1521). Thus, any prejudice resulting from that statement was thereby adequately alleviated (*see Allen*, 78 AD3d 1521; *People v Young*, 55 AD3d 1234, 1236, *lv denied* 11 NY3d 901).

To the extent that defendant further contends that there is legally insufficient evidence to corroborate his admissions to the police pursuant to CPL 60.50, that contention is not preserved for our review (*see People v Prado*, 1 AD3d 533, 534, *affd* 4 NY3d 725, *rearg denied* 4 NY3d 795; *People v Mosca*, 294 AD2d 938, *lv denied* 99 NY2d 538) and, in any event, it is without merit. Defendant's blood alcohol content was .31%, and his truck was parked so that it was in contact with another vehicle. Defendant stated that no one else drove

his truck, and he admitted that he parked the truck in the location where it was found on the morning of his arrest.  Further, defendant admitted that he had been drinking both the previous night and that morning, denied drinking anything since he parked the vehicle and stated that he struck his face "on" his truck.  Defendant's face was still bleeding when the police arrived.  Thus, defendant's admissions were corroborated by "evidence . . . found in the presence of defendant at the scene of the crime, his guilty appearance afterward, [and] other circumstances supporting an inference of guilt" (*People v Booden*, 69 NY2d 185, 187; *see People v Kestler*, 201 AD2d 955, *lv denied* 83 NY2d 854; *see generally People v Blake*, 5 NY2d 118, 119-120; *People v Spencer*, 289 AD2d 877, 879, *lv denied* 98 NY2d 655).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  May 6, 2011                          Patricia L. Morgan
                                               Clerk of the Court