The People of the State of New York, Respondent,
against
Adam L. Youngelman, Appellant.



Appeal from 10 judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan Mathers, J.H.O.), rendered December 19, 2013. The judgments, after a nonjury trial, convicted defendant of one charge of operating a motor vehicle without a certificate of inspection and nine charges of operating a motor vehicle without an approved safety belt for a back seat passenger under the age of sixteen, respectively.




ORDERED that the judgments of conviction are affirmed.
After a nonjury trial, defendant was convicted of one charge of operating a motor vehicle without a certificate of inspection (Vehicle and Traffic Law § 306 [b]) and nine charges of operating a motor vehicle without an approved safety belt for a back seat passenger under the age of sixteen (Vehicle and Traffic Law § 1229-c [1] [c]).
Defendant's claim that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review, as he failed to move to dismiss the charges on this ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Castro, 42 Misc 3d 140[A], 2014 NY Slip Op 50180[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In any event, a state trooper testified that, on April 13, 2013, he had observed defendant's vehicle traveling westbound in the right lane on the Southern State Parkway in Suffolk County with nine children riding unrestrained in the rear of the vehicle, which was not enclosed. After pulling over the vehicle, the trooper observed that there were no seats or seatbelts located in the back of the vehicle. The trooper further testified that all nine children were under the age of 16. A photograph depicting seven of the nine children sitting unrestrained in the back of the vehicle was entered into evidence. Thus, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt of nine separate violations of Vehicle and Traffic Law § 1229-c (1) (c) beyond a reasonable doubt (see People v Kwiecinski, 43 Misc 3d 138[A], 2014 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). 
Additionally, the trooper testified that, after pulling defendant's vehicle over, he observed that defendant had a red New York State inspection sticker affixed to the windshield of his vehicle, which had expired the prior year. Thus, viewing the evidence in the light most favorable to the prosecution, it was legally sufficient to establish defendant's guilt of violating Vehicle and Traffic Law § 306 beyond a reasonable doubt (see People v DePalma, 5 Misc 3d 129[A], 2004 NY Slip Op 51287[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). 
Furthermore, upon an independent review of the record, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). Since defendant's explanation for why he had the nine children unrestrained in the back of his vehicle, which is raised for the first time in his appellate brief, relies on matter dehors the record, such explanation has not been considered (see People v Addison, 107 AD3d 730 [2013]; People v Bregaudit, 31 Misc 3d 152[A], 2011 NY Slip Op 51136[U] [App Term, 9th & 10th Jud Dists 2011]). 
Defendant failed to preserve his claim of bias for appellate review, as he did not interpose "any specific, relevant objection to the trial court's alleged bias" (People v Prado, 1 AD3d 533, 534 [2003]; see People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, there is nothing in the record to support defendant's contention that the court acted in a manner that deprived him of a fair trial or demonstrated any bias toward him (see People v Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Kikkenborg, 27 Misc 3d 133[A], 2010 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Despite defendant's contention that he was not given a chance to properly testify, the record clearly demonstrates that defendant chose not to testify, as he left the courtroom before the trial even began.
On appeal, defendant does not contest the fines that were imposed, but rather only the assessment of points to his driver's license. However, the assessment of points to a defendant's driver's license is not within the province of the court, but, rather, the Department of Motor Vehicles (see Regulations of the Commissioner of the Department of Motor Vehicles [15 NYCRR] § 131.2; People v Secara, 2002 NY Slip Op 50531[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]).
We have reviewed defendant's remaining contentions and find them to be either unpreserved for appellate review (see Gray, 86 NY2d at 19; Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U]) or without merit (see Solanet, 44 Misc 3d 138[A], 2014 NY Slip Op 51253[U]; Castro, 42 Misc 3d 140[A], 2014 NY Slip Op 50180[U]).
Accordingly, the judgments of conviction are affirmed.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: June 29, 2016