People v Murray (2019 NY Slip Op 02231)





People v Murray


2019 NY Slip Op 02231


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


341 KA 15-01727

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN MURRAY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 7, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the police lacked the requisite reasonable suspicion to prolong an otherwise legal stop of the vehicle in which he was a passenger, and thus that County Court erred in refusing to suppress the evidence seized and statements made as a result of that stop. We reject defendant's contention. The record of the suppression hearing establishes that the police had reasonable suspicion to prolong the stop and investigate defendant's potential connection to an attempted burglary based on the description of the vehicle that was broadcast over the police radio, the proximity of the vehicle to the area where the attempted burglary had occurred, the fact that the stop was close in time to the commission of the attempted burglary, and the testimony that, when an officer approached the vehicle, he observed that electronics of the type known to have been taken from previous burglaries were visible on the floor of the vehicle (see People v Allen, 78 AD3d 1521, 1521 [4th Dept 2010], lv denied 16 NY3d 827 [2011]; People v Faller, 19 AD3d 138, 139 [1st Dept 2005], lv denied 5 NY3d 828 [2005]; People v Schwing, 14 AD3d 867, 868 [3d Dept 2005]; People v McFadden, 244 AD2d 887, 888 [4th Dept 1997]). Defendant failed to preserve for our review his contention that the police did not have probable cause to arrest him (see CPL 470.05 [2]; People v Mobley, 49 AD3d 1343, 1343-1344 [4th Dept 2008], lv denied 11 NY3d 791 [2008]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court