People v Matthews (2021 NY Slip Op 50223(U))

[*1]

People v Matthews (Robert)

2021 NY Slip Op 50223(U) [71 Misc 3d 126(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-21 W CR

The People of the State of New York,
Respondent, 
against
Robert Matthews, Appellant. 

Robert Matthews, appellant pro se.
White Plains Corporation Counsel, for respondent (no brief filed).

Appeal from a judgment of the City Court of White Plains, Westchester County (Brian
Hansbury, J.), rendered November 26, 2018. The judgment convicted defendant, after a nonjury
trial, of using a portable electronic device while operating a motor vehicle, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, the City Court found defendant guilty of using a portable
electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]).
To the extent that defendant's contentions on appeal may be construed as a challenge to the legal
sufficiency of the evidence, they are unpreserved for appellate review, as defendant failed to
move for dismissal on this ground at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 20-21 [1995]). However, upon a defendant's
request, this court must conduct a weight of the evidence review and, thus, "a defendant will be
given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). "Necessarily, in
conducting its weight of the evidence review, a court must consider the elements of the crime, for
even if the prosecution's witnesses were credible their testimony must prove the elements of the
crime beyond a reasonable doubt" (Danielson, 9 NY3d at 349). If a finding in favor of the
defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must
weigh conflicting testimony, review any rational inferences that may be drawn from the evidence
and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless,
great deference is accorded to the factfinder's opportunity to view the witnesses, hear their
testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Bleakley, 69 NY2d 490, 495 [1987]). However, if it appears that the factfinder failed to give
the evidence the weight it should be accorded, this court may set aside [*2]the verdict and dismiss the accusatory instrument (see CPL
470.20 [5]; People v Romero, 7
NY3d 633, 643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
Application of these principles here warrants the conclusion that the verdict was not against the
weight of the evidence.
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that
"no person shall operate a motor vehicle while using any portable electronic device while such
vehicle is in motion." Additionally, "[a] person who holds a portable electronic device in a
conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . .
[and t]he presumption established by this subdivision is rebuttable by evidence tending to show
that the operator was not using the device within the meaning of this section" (Vehicle and
Traffic Law § 1225-d [4]). 
Here, a police officer testified at trial that he had observed defendant operating a motor
vehicle with his cell phone in his right hand, which was positioned "up above, almost steering
wheel height." Although the officer could not state what defendant was doing with the phone at
the time the officer observed defendant holding it, the officer's testimony was legally sufficient to
invoke the presumption that defendant was impermissibly operating a motor vehicle while using
a portable electronic device while such vehicle was in motion (see Vehicle and Traffic
Law § 1225-d [1], [4]; People v
Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; People v
Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50842[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]). Pursuant to the statute, the burden was then on defendant to rebut
that presumption by demonstrating that he was not using such a device within the meaning of
Vehicle and Traffic Law § 1225-d (2) (b) (see Vehicle and Traffic Law §
1225-d [4]; People v Scheck, 65
Misc 3d 131[A], 2019 NY Slip Op 51571[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2019]). Whether defendant sufficiently rebutted the presumption is, in essence, a credibility
determination (see Lane, 7 NY3d at 890; Romero, 7 NY3d at 644-645;
Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U]; People v Devaul, 60 Misc 3d
130[A], 2018 NY Slip Op 50993[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]),
and, here, since defendant's testimony completely conflicted with that of the officer, the City
Court was entitled to disregard it (see
Matter of Snitow v New York State Dept. of Motor Vehs., 121 AD3d 1008 [2014]).
Upon an independent review of the record, and according deference to the court's opportunity to
view the witnesses, hear their testimony, and observe their demeanor (see Mateo, 2 NY3d
at 410; Bleakley, 69 NY2d at 495), we find that defendant failed to rebut the presumption
and, accordingly, the verdict convicting him of violating Vehicle and Traffic Law § 1225-d
(1) was not against the weight of the evidence (see Scheck, 65 Misc 3d 131[A], 2019 NY
Slip Op 51571[U]; Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U];
Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U]; Agbimson, 51 Misc 3d
150[A], 2016 NY Slip Op 50842[U]).
"Trial courts are accorded wide discretion in making evidentiary rulings and, absent an
[improvident exercise] of discretion, those rulings [, which are entitled to deference,] should not
be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000]; see People v Brewer, 28 NY3d
271, 277-278 [2016]; Matter of
State of New York v John S., 23 NY3d 326, 344 [2014]; People v Sweeney, 66 Misc 3d 12
[App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Upon an offer of proof, a court must
"weigh the probative value of [the] evidence against the possibility [*3]that it would confuse the main issue and mislead . . . or create
substantial danger of undue prejudice to one of the parties" (People v Corby, 6 NY3d 231, 234 [2005] [internal quotation marks
omitted]; see also People v Petty, 7
NY3d 277, 286 [2006]; People v Davis, 43 NY2d 17, 27 [1977]). Upon a review of
the record, we find that the City Court's evidentiary rulings were proper exercises of its wide
discretion to preclude or admit evidence (see Carroll, 95 NY2d at 385; Sweeney,
66 Misc 3d 12; People v Coleman,
62 Misc 3d 127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]).
Defendant failed to preserve for appellate review his claim that the court improperly assumed
the role of prosecutor and advocated on behalf of the People, as he failed to raise this issue before
the trial court (see People v Robinson, 88 NY2d 1001 [1996]; People v
Charleston, 56 NY2d 886, 887 [1982]). In any event, this claim is without merit (see People v Castro, 42 Misc 3d
140[A], 2014 NY Slip Op 50180[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
A court may intervene in a trial or raise matters on its own initiative in order to elicit significant
facts, clarify confusing testimony, or facilitate the orderly and expeditious progress of the trial, so
long as it does not take on the function or appearance of an advocate (see People v
Arnold, 98 NY2d 63, 67 [2002]; People v Mendes, 3 NY2d 120, 121 [1957]). Here,
the court's few interjections during the trial were justified in precluding irrelevant issues from the
trial and limiting the scope of cross-examination so that it did not extend beyond what was
testified to on direct examination (see generally People v Tucker, 140 AD2d 887 [1988]).
"[M]easured both qualitatively and quantitatively" (People v Yut Wai Tom, 53 NY2d 44,
55 [1981]), the court's interjections were not improper, since there was no indication of partiality
or prejudice (see People v Bilanchuk, 280 App Div 180 [1952]). As a result, the court did
not deprive defendant of a fair and impartial trial (see People v Lupo, 92 AD3d 1136 [2012]; People v Perez, 30 AD3d 542
[2006]).
As to defendant's claims of bias, he failed to interpose "any specific, relevant objections to
the trial court's alleged bias" (People v
Prado, 1 AD3d 533, 534 [2003], affd 4 NY3d 725 [2004]) and, thus, did not
preserve such claim for appellate review (see People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, as there was nothing in the
record to support defendant's contention that the court acted in a manner that deprived him of a
fair trial or demonstrated any bias toward him, the judgment of conviction should not be
disturbed (see Coleman, 62 Misc 3d 127[A], 2018 NY Slip Op 51857[U]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021