People v Reyes-Alvares (2023 NY Slip Op 51381(U))

[*1]

People v Reyes-Alvares (Silder)

2023 NY Slip Op 51381(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2021-363 S CR

The People of the State of New York, Respondent,
against
Silder F. Reyes-Alvares, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Debra Urbano-Disalvo, J.H.O.), rendered June 4, 2021. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Debra Urbano-Disalvo, J.H.O.) found defendant guilty of speeding (Vehicle and Traffic Law § 1180 [b]) for driving 103 miles per hour (mph) in a 55 mph zone, and imposed sentence.
Defendant's contention that the judicial hearing officer who presided over the trial should have recused herself is not preserved for appellate review as defendant failed to raise this issue before the trial court (see CPL 470.05 [2]; People v Ehlers, 73 Misc 3d 135[A], 2021 NY Slip Op 51064[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
While defendant claims that the trial court was biased, defendant failed to interpose any specific, relevant objection to the trial court's alleged bias (see People v Prado, 1 AD3d 533, 534 [2003], affd, 4NY3d 725 [2004]; People v Espinal, 73 Misc 3d 130[A], 2021 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Youngelman, 52 Misc 3d 136[A], 2016 NY Slip Op 51050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]) and, thus, did not preserve such claim for appellate review (see Espinal, 2021 NY Slip Op 50946[U]; People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, as there was nothing in the record to support defendant's contention that the court acted in a manner that deprived him of a fair trial or demonstrated any bias toward him, the judgment of conviction should not be disturbed on that ground (see Espinal, 2021 NY Slip Op 50946[U]; People v Coleman, 62 Misc 3d 127[A], 2018 [*2]NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Youngelman, 52 Misc 3d 136[A], 2016 NY Slip Op 51050[U]).
Defendant's remaining contentions are either not reviewable on a direct appeal or have already been considered and rejected by this court numerous times (see People v Arteca, 78 Misc 3d 36, 38 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; see also People v Scafe, 77 Misc 3d 138[A], 2022 NY Slip Op 51360[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Velez, 76 Misc 3d 133[A], 2022 NY Slip Op 50918[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Glatman, 75 Misc 3d 131[A], 2022 NY Slip Op 50444[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Acevedo-Contreras, 74 Misc 3d 138[A], 2022 NY Slip Op 50308[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). 
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023