People v Hinklein (2023 NY Slip Op 51392(U))

[*1]

People v Hinklein (Christopher)

2023 NY Slip Op 51392(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-730 S CR

The People of the State of New York, Respondent,
against
Christopher Hinklein, Appellant. 

Christopher Hinklein, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered June 28, 2022. The judgment, after a nonjury trial, convicted defendant of speeding in a school zone, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding in a school zone (Vehicle and Traffic Law § 1180 [c]). At a nonjury trial, a police officer testified that he had been trained and certified to use a laser device to measure the speed of a vehicle and to visually estimate the rate of speed to within three miles per hour (mph). He estimated the rate of speed of defendant's vehicle at 40 mph in a posted 20 mph school zone. He then used a laser device, which he had tested for accuracy and found to be functioning properly, to measure defendant's speed at 41 mph. Defendant testified that his vehicle was outside the school zone when the officer made his visual estimation and laser determination of the vehicle's speed, and sought to introduce printouts from Google Maps to demonstrate the same. The District Court precluded the proffered evidence. Following the trial, defendant was found guilty.
To the extent that defendant's contentions pertaining to his conviction are considered legal insufficiency claims, they are not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). However, upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). Following a review of the record, we conclude that the verdict convicting defendant of speeding in a school zone was not against the weight of the evidence (see People v Olsen, 22 NY2d 230, 232 [1968]; People v Dusing, 5 NY2d 126, 128 [*2][1959]; People v Jackson, 77 Misc 3d 138[A], 2022 NY Slip Op 51362[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Jacobs, 62 Misc 3d 126[A], 2018 NY Slip Op 51852[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Nor are we persuaded that the District Court erred in precluding the Google Maps printouts proffered by defendant. " 'Trial courts are accorded wide discretion in making evidentiary rulings and, absent an [improvident exercise] of discretion, those rulings [, which are entitled to deference,] should not be disturbed on appeal' " (People v Matthews, 71 Misc 3d 126[A], 2021 NY Slip Op 50223[U], * 2 [App Term, 2d Dept, 9th & 10th Jud Dists 2021], quoting People v Carroll, 95 NY2d 375, 385 [2000]; see People v Brewer, 28 NY3d 271, 277-278 [2016]). CPLR 4532-b provides that "[a]n image, map, location, distance, calculation, or other information taken from a web mapping service, a global satellite imaging site, or an internet mapping tool, is admissible in evidence if such image, map, location, distance, calculation, or other information indicates the date such material was created." Since the Google Maps printouts did not indicate the date they were created, we cannot conclude that the court improvidently exercised its discretion in precluding the proffered evidence (see People v Sweeney, 66 Misc 3d 12, 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Defendant's claim that the court improperly assumed the role of prosecutor and advocated on behalf of the People is similarly without merit (see People v Matthews, 71 Misc 3d 126[A], 2021 NY Slip Op 50223[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). A court may intervene in a trial or raise matters on its own initiative in order to elicit significant facts, clarify confusing testimony, or facilitate the orderly and expeditious progress of the trial, so long as it does not take on the function or appearance of an advocate (see People v Arnold, 98 NY2d 63, 67 [2002]; People v Mendes, 3 NY2d 120, 121 [1957]). Here, the court's interjections during the trial were justified in precluding irrelevant issues into the trial and limiting the scope of cross-examination so that it did not extend beyond what was testified to on direct examination (see generally People v Tucker, 140 AD2d 887, 891 [1988]). "[M]easured both qualitatively and quantitatively" (People v Yut Wai Tom, 53 NY2d 44, 55 [1981]), the court's interjections were not improper, since there was no indication of partiality or prejudice (see People v Bilanchuk, 280 App Div 180 [1952]). As a result, the court did not deprive defendant of a fair and impartial trial (see People v Lupo, 92 AD3d 1136 [2012]; People v Perez, 30 AD3d 542, 542 [2006]).
To the extent that defendant's contentions are considered claims of trial court bias, he failed to interpose "any specific, relevant objections to the trial court's alleged bias" (People v Prado, 1 AD3d 533, 534 [2003], affd 4 NY3d 725 [2004]) and, thus, did not preserve such claim for appellate review (see People v Gold, 42 Misc 3d 139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, there was nothing in the record to support defendant's contention that the court acted in a manner that deprived him of a fair trial or demonstrated any bias against him (see People v Coleman, 62 Misc 3d 127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Youngelman, 52 Misc 3d 136[A], 2016 NY Slip Op 51050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023