■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HIBBERT, Appellant. [725 NYS2d 305] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered May 21, 1999, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously reversed, as a matter of discretion in the interest of justice, the conviction vacated and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was charged with criminal sale of a controlled substance in a one-count indictment which alleged that he had acted in concert with another. The evidence at trial, however, only established that an undercover officer had purchased two clear slabs of crack cocaine from Lorisha Houston. Houston had been approached by the undercover more than a half hour before, had stated her willingness to facilitate a sale, had taken prerecorded purchase money, and had been seen with defendant inside a vehicle passing money but no drugs. The prerecorded purchase money was later recovered from defendant. There was no evidence that defendant was working with Houston, that he had any role in the sale to the undercover or that he was even aware of the existence of the undercover.

Defendant moved before the trial court to dismiss merely on the ground of insufficient evidence. Since his argument was not specifically directed at the error argued on appeal, it was unpreserved (*People v Gray*, 86 NY2d 10, 19; CPL 470.05 [2]). In the exercise of our discretion we reach this issue in the interest of justice (*People v Nevedo*, 202 AD2d 183, 184).

Since the indictment charged defendant with accomplice liability on the sale from Houston to the undercover, the People were required to establish that defendant shared the requisite

mental state, namely to "knowingly and unlawfully" sell drugs by soliciting, requesting, commanding, importuning or intentionally aiding Houston in that sale (Penal Law § 20.00; *People v Roman*, 83 NY2d 866, 867; *People v Kaplan*, 76 NY2d 140, 144). Accomplice liability requires, at a minimum, awareness of the proscribed conduct and some overt act in furtherance of such (*People v Hames*, 261 AD2d 193, *lv denied* 93 NY2d 1003; *People v Andrades*, 216 AD2d 42, *lv denied* 86 NY2d 789). Since there was no proof of either, defendant's motion for a trial order of dismissal should have been granted. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.