■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MARQUEZ, Appellant. [751 NYS2d 190] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 23, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's accessorial liability was established by the totality of the conduct of defendant and his codefendant. This included evidence that defendant screened the undercover buyer, and after approving him as a customer, directed him to pay the codefendant, directed the codefendant to go upstairs for the obvious purpose of obtaining drugs, permitted the codefendant to pass through a secured door, and directed the undercover buyer to wait outside (*see People v Bello*, 92 NY2d 523).

Defendant's challenge to police testimony regarding the roles of participants in street narcotics sales is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony, which was accompanied by limiting instructions, did not exceed appropriate limits or usurp the jury's fact-finding function (*see People v Brown*, 97 NY2d 500, 506-507; *People v Lacey*, 245 AD2d 145, *lv denied* 91 NY2d 927).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to

review these claims, we would reject them. Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.