OPINION OF THE COURT
Deborah Kaplan, J.
The defendant stands charged with criminal sale of marijuana in the fourth degree (Penal Law § 221.40) and criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [2]). The information alleges that, at approximately 2:10 p.m. in front of 75 Post Avenue in New York County, an undercover *893 police officer observed the defendant acting in concert with Hector Vizciano, Kelby Escotto and Carlos Pena in the sale of marijuana to separately charged defendant Derrick Nelson. As to the defendant’s alleged role, the information states only that he held open a door for Nelson.
According to the information, Nelson approached codefendant Pena and engaged in a brief conversation with him. Pena then engaged in a conversation with defendant Escotto, after which Escotto walked to the end of Post Avenue and then back to her original location while looking into parked and moving vehicles. Escotto then approached Pena and spoke to him. When Pena motioned with his head in the direction of the door to 75 Post Avenue, Nelson approached the door. Defendant Hatchett, who was standing near the door, held the door open for Nelson. Defendant Vizciano, who was standing inside the doorway, exchanged a small object for currency with Nelson. The information alleges that the undercover officer observed Nelson leave the location in a white livery van and that, when he stopped the van at West 204th Street and Vermilyea Avenue, he recovered nine plastic bags of crack cocaine and one clear ziplock bag of marijuana from Nelson. The undercover officer also recovered 65 bags of marijuana from Vizciano’s pants pocket and a total of $600 from defendants Vizciano, Hatchett, Escotto and Pena.
In his omnibus motion, the defendant seeks, inter alia, an order dismissing the information as facially insufficient. After consideration of the facts of this case and the relevant law, the defendant’s motion to dismiss is granted.
A criminal court information is insufficient on its face and must be dismissed unless it contains nonhearsay factual allegations which, if true, establish every element of the crimes charged and provide reasonable cause to believe that the defendant committed them. (See CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) “A person is guilty of criminal sale of a marihuana in the fourth degree when he knowingly and unlawfully sells marihuana.” (Penal Law § 221.40.) “A person is guilty of criminal possession of a marihuana in the fifth degree when he knowingly and unlawfully possesses * * * marihuana * * * of an aggregate weight of more than twenty-five grams.” (Penal Law § 221.10 [2].) Furthermore, where, as here, a defendant is charged under an acting in concert theory, the People are required to establish that the defendant, “acting with the mental culpability required for the commission thereof, * * * *894 solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.” (Penal Law § 20.00.) The People must establish that the defendant shared the intent or purpose of the principal actor(s). (See People v Kaplan, 76 NY2d 140 [1990].) “[I]ntegral to each inquiry is whether a defendant exhibited any calculated or direct behavior that purposefully affected or furthered the sale of the controlled substance.” (People v Bello, 92 NY2d 523, 526 [1998].) The law is well settled that mere presence at the scene of a crime is an insufficient predicate for a finding of shared intent. (See People v Yarrell, 75 NY2d 828 [1990].)
In light of these guidelines, this court concludes that the factual allegations of the instant information are insufficient to establish that the defendant acted in concert with the other defendants to sell or possess marijuana. As stated above, the sole allegation in the information concerning the defendant’s purported involvement with the sale is that he held open a door for an individual who then walked inside the building and purchased marijuana. The defendant is not otherwise mentioned in the complaint except for the allegation that after his arrest the police recovered currency from his person. The People’s voluntary disclosure form indicates that $45 was recovered from this defendant but no drugs or contraband. The single act of opening a door, while arguably something more than mere presence, falls far short of establishing that the defendant “solicited, requested, commanded, importuned, or intentionally aided” his codefendants in the sale of marijuana (see, Penal Law § 20.00), nor does it constitute “calculated or direct behavior that purposefully affected or furthered the sale.” (People v Bello, supra at 526.) Indeed, while the defendant’s act of opening of the door may have facilitated Nelson’s entry into the building, there is no indication, under the facts alleged here, that it was anything more than a courtesy to a stranger.
Contrary to the People’s assertion, the defendant’s conduct did not rise to the level of a steerer or even a lookout in a drug transaction. Accomplice liability requires much more than the facts presented here. For example, in People v Bello (supra), the leading case on this issue, the defendant, when approached by an undercover officer who inquired about buying crack cocaine, responded by asking the officer how many bags she wanted, and if she was a police officer. The undercover officer then accompanied an accomplice of the defendant inside the building in front of which all three individuals had been stand *895 ing, and purchased crack cocaine. Analogizing the defendant’s conduct to that of a steerer or “go-between” for a buyer and a seller, the Court of Appeals held that this evidence established that the defendant acted as a “screener” for the sale, and was therefore sufficient to support an indictment for criminal sale of a controlled substance in the third degree. The Court observed that the defendant “was not merely acting as a source of general information where drugs could be purchased” since “his presence was inextricably linked to the drug sale itself.” (People v Bello, supra at 527.)
Similarly, in People v Marquez (300 AD2d 83 [1st Dept 2002]), accomplice liability was established by evidence that the defendant, after screening the undercover officer, directed him to pay a codefendant, directed the codefendant to go upstairs through a secured door for the purpose of obtaining drugs and directed the undercover officer to wait outside. In People v Rodriguez (294 AD2d 110 [1st Dept 2002]), a police officer observed the defendant, after receiving money from a buyer, point to another person standing nearby, who immediately handed the buyer several glassine envelopes. In People v Espino (284 AD2d 254 [1st Dept 2001]), the defendant, accompanied by a second individual, approached an undercover officer and informed the officer of the price of the drugs. The defendant remained with the officer while the accomplice retrieved the drugs. The defendant in People v Marchena (270 AD2d 88 [1st Dept 2000]) asked the undercover officer what he needed, told him to wait near the building where drugs were subsequently sold, brought the seller back to the undercover officer and remained nearby during the sale. In all of these cases, the defendant’s conduct was found to be indicative of a shared intent to sell drugs within the meaning of Penal Law § 20.00.
In Bello (supra), the Court contrasted the facts of that case to those in People v Lopez (213 AD2d 255 [1st Dept 1995]) and People v Rosario (193 AD2d 445 [1st Dept 1993]) where the trial evidence showed only that the defendant, when approached by an undercover officer about buying drugs, directed the officer to a seller. In those two cases, the Court reversed the defendant’s conviction, finding the evidence insufficient to establish accomplice liability. The First Department also reversed a conviction for criminal sale of a controlled substance where the evidence showed only that the defendant was observed inside a vehicle with and taking money from his codefendant more than one-half hour after the codefendant received *896 prerecorded buy money from an undercover officer. (See People v Hibbert, 282 AD2d 365 [1st Dept 2001].) In Hibbert, the Court found the evidence insufficient to establish that the defendant had any role in or even knowledge of the sale, even though the prerecorded buy money was recovered from him.
Not unexpectedly, research reveals no reported cases where the mere opening of a door for a drug buyer or any similar conduct warranted an inference of accomplice liability. It simply cannot be said that the defendant’s “presence was inextricably linked to the drug sale itself.” (People v Bello, supra at 527.) Moreover, as written, the information fails to establish even that the defendant was “acting as a source of general information” (People v Bello, supra at 527), a showing which the First Department has found insufficient to establish accomplice liability in a drug sale. (See People v Lopez, supra; People v Rosario, supra.) For these reasons, the People have failed to allege facts sufficient to establish that the defendant acted in concert with his codefendants to commit the offense of criminal sale of marijuana in the fourth degree or criminal possession of marijuana in the fifth degree. (See Penal Law § 20.00.)
Accordingly, the defendant’s motion to dismiss the information as facially insufficient is granted. In light of the court’s determination of the motion to dismiss, it does not rule on the defendant’s motion to suppress physical evidence and identification testimony or his Sandoval motion.