Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 21, 2011, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
After a jury trial, the defendant was convicted of assault in the third degree (see Penal Law § 120.00). In fid fill ing our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633 [2006]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was against the weight of the evidence, since the evidence presented at trial did not establish, beyond a reasonable doubt, that the complainant sustained a “physical injury” within the meaning of Penal Law § 10.00 (9). Physical injury is defined as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). The complainant testified that he sustained bruising and scraping to his right arm, neck, and back, but he did not seek any medical treatment or miss any work. The complainant also provided no details that would corroborate his subjective description of pain, nor *754 did he take any pain medication. Accordingly, there was insufficient evidence that the complainant suffered a “physical injury” (see Matter of Philip A., 49 NY2d 198, 199-200 [1980]; People v Taylor, 83 AD3d 1105, 1106 [2011]; People v Zalevsky, 82 AD3d 1136, 1137 [2011]; People v Baksh, 43 AD3d 1072, 1073-1074 [2007]; People v Richmond, 36 AD3d 721, 722 [2007]; People v Baez, 13 AD3d 463, 464 [2004]; People v Briggs, 285 AD2d 651, 652 [2001]), and the judgment must be reversed and the indictment dismissed.
In light of our determination, we need not address the defendant’s remaining contentions, including those raised in his pro se supplemental brief. Rivera, J.R, Leventhal, Austin and Miller, JJ., concur.