■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUSTAFA CURRY, Appellant. [976 NYS2d 571]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 11,

2012, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent with CPL 160.50.

"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 636 [2006]). If a finding in favor of the defendant would not have been unreasonable, then this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d at 348). Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted. "Essentially," this Court "sits as a thirteenth juror and decides which facts were proven at trial" (*id.*, citing *Tibbs v Florida*, 457 US 31, 42 [1982]; *see People v Noble*, 86 NY2d 814, 815 [1995]). If it appears that the factfinder failed to give the evidence the weight it should be accorded, then this Court may set aside the verdict (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Upon conducting our analysis in this case in accordance with the foregoing principles, we find that the verdict convicting the defendant of criminal sale of a controlled substance in the third degree was against the weight of the evidence. To establish a defendant's guilt of this crime under a theory of accomplice liability, the People must prove that the defendant shared the requisite mens rea, to "knowingly and unlawfully" sell drugs, and that, in furtherance thereof, the defendant solicited, requested, commanded, importuned, or intentionally aided the seller in the commission of the crime (Penal Law § 220.39 [1]; *see* Penal Law § 20.00; *People v Bello*, 92 NY2d 523, 526 [1998]; *People v Kaplan*, 76 NY2d 140, 144 [1990]).

At trial, the People presented evidence that an undercover police officer approached the codefendant on Hendricks Avenue for the purpose of soliciting drugs. After determining that the codefendant was "good," meaning that he possessed drugs, the officer followed the codefendant into the courtyard of a multifamily home on Hendricks Avenue. While standing in the courtyard, the officer purchased marijuana from the codefendant. The officer then told the codefendant that he had $200 to

buy crack cocaine. The codefendant responded by telling the officer that he had to call "his man." Using the officer's cell phone, the codefendant then called a number assigned to a prepaid cell phone. There was no evidence, however, that the phone number that the codefendant called belonged to the defendant.

A few minutes later, the codefendant announced "he's here" and walked out of the officer's line of sight onto Hendricks Avenue. While the officer was standing in the courtyard, he heard a car door open and close. The officer waited a few more seconds and then walked to the front of the courtyard, where he could see onto Hendricks Avenue. At that point, he observed a vehicle in which the defendant was seated in the driver's seat, a woman was seated in the front passenger seat, and the codefendant was seated in a rear seat directly behind the defendant. The officer then returned to the courtyard and waited in a position from which he could not observe the codefendant or the defendant. After several seconds passed, the codefendant returned to the courtyard and handed the officer several bags of crack cocaine. In exchange, the officer gave him $200. The officer walked out of the courtyard and proceeded to walk along Hendricks Avenue. A few moments later, he turned around and observed the codefendant extend his hand through the open driver seat window of the car in which the defendant was seated. Although the officer testified that, based upon his training and experience as an undercover officer who had made over 500 buys, he believed that the codefendant received drugs from the defendant inside the vehicle, he admitted that he did not observe an exchange of money or drugs between the codefendant and the defendant.

Upon the exercise of our factual review power (*see* CPL 470.15), we find that the rational inferences which can be drawn from the evidence presented at trial do not support the conviction beyond a reasonable doubt. Thus, the judgment must be reversed and the indictment dismissed (*see People v Hibbert,* 282 AD2d 365, 365-366 [2001]; *Matter of Cory P,* 240 AD2d 749, 750 [1997]; *People v Legall,* 180 AD2d 822, 823 [1992]; *People v Bryant,* 106 AD2d 650, 651 [1984]).

In light of our determination, we need not address the defendant's remaining contentions. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.