Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 22, 2011, convicting him of attempted robbery in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the facts, by vacating the convictions of attempted robbery in the second degree and the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
“Upon [a] defendant’s request, the Appellate Division must conduct a weight of the evidence review” and, thus, “a defendant will be given one appellate review of adverse factual findings” (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Curry, 112 AD3d 843, 844 [2013]; see also Arthur Karger, Powers of the New York Court of Appeals § 21:1 at 744 [3d ed rev 2005]). If a finding in favor of the defendant would not have been unreasonable, then this Court “must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions” (People v Danielson, 9 NY3d at 348). “Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted” (People v Curry, 112 AD3d at 844). “Es *714 sentially,” this Court “sits as a thirteenth juror and decides which facts were proven at trial” (People v Danielson, 9 NY3d at 348, citing Tibbs v Florida, 457 US 31, 42 [1982]). If it appears that the fact-finder failed to give the evidence the weight it should be accorded, then this Court may set aside the verdict and dismiss the accusatory instrument or any reversed count (see CPL 470.20 [5]; People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Here, the defendant was convicted of two counts of attempted robbery in the second degree under a theory of accessorial liability. “To sustain a conviction based upon accessorial liability, ‘the evidence . . . must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime’ ” (People v Farrell, 61 AD3d 696, 697 [2009], quoting Matter of John G., 118 AD2d 646, 646 [1986]; see Penal Law § 20.00; People v Mendez, 34 AD3d 697, 698 [2006]; Matter of Bianca W., 267 AD2d 463, 464 [1999]; Matter of Peter J., 184 AD2d 511, 512 [1992]).
Upon the exercise of our factual review power (see CPL 470.15), we determine, in the first instance, that acquittal of the charges of attempted robbery in the second degree would not have been unreasonable based upon the evidence presented and, moreover, that the jury failed to accord the evidence the weight it should have been accorded (see People v Curry, 112 AD3d at 845; People v McMitchell, 110 AD3d 923, 924 [2013]; People v Boley, 106 AD3d 753, 753 [2013]). The evidence presented at trial did not establish, beyond a reasonable doubt, that the defendant shared the intent to commit robbery, or that he solicited, requested, commanded, importuned, or intentionally aided the principal in committing the offense of attempted robbery in the second degree. Accordingly, the convictions of attempted robbery in the second degree and the sentences imposed thereon must be vacated, and those counts of the indictment must be dismissed (see generally People v Romero, 7 NY3d 633 [2006]).
In light of our determination, we need not address the defendant’s remaining contentions. Mastro, J.P, Balkin, Miller and LaSalle, JJ., concur.