■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VILAIR FONVIL, Appellant. [984 NYS2d 116]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Molea, J.), rendered December 11, 2003, convicting him of misconduct in relation to petitions in violation of Election Law § 17-122 (7) (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the consolidated indictment is dismissed, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent with CPL 160.50.

The defendant organized a group of individuals to run for seats on a local Democratic Committee in an effort to gain a majority in that body. During the summer of 2000, the defendant went door-to-door throughout the community and personally collected signatures on a number of designating petitions to which he attested as a subscribing witness. The defendant submitted these designating petitions to the Rockland County Board of Elections on July 13, 2000.

The defendant was subsequently arrested and charged by felony complaint with, inter alia, criminal possession of a forged instrument. A grand jury was impaneled. The defendant sought to testify before the grand jury but was not permitted to do so because he refused to waive "the immunities and privileges" he would otherwise enjoy under the federal and state constitutions and statutory law. After about a week of presentations by an assistant district attorney, which included the testimony by a purported expert in New York State Election Law, the grand jury returned an indictment (01-233) charging the defendant with 32 counts of criminal possession of a forged instrument in the second degree, three counts of offering a false instrument for filing in the first degree, and three counts of misconduct in relation to petitions in violation of Election Law § 17-122 (7). These charges stemmed from three pages of designating petitions that the defendant had signed as a subscribing witness for the 6th election district on June 18, 2000, and June 19, 2000, and the 36th election district on July 9, 2000.

Almost two months later, the grand jury returned a second indictment (01-292) charging the defendant with an additional 37 counts of criminal possession of a forged instrument in the second degree, four counts of offering a false instrument for filing in the first degree, and four counts of misconduct in relation to a petition in violation of Election Law § 17-122 (7). These counts stemmed from an additional four pages of designating petitions that the defendant had signed as a subscribing witness for the 70th election district on July 6, 2000, and July 10, 2000, and the 71st election district on June 16, 2000, and June 30, 2000.

In May 2002, the two indictments were consolidated for trial. The defendant's first trial ended in a mistrial after the People successfully moved to disqualify the defendant's attorney.

After a retrial that continued over the course of about four weeks, the jury returned a verdict. Of the 83 total counts charged, the defendant was convicted of four misdemeanor counts of misconduct in relation to a petition in violation of Election Law § 17-122 (7). The jury acquitted the defendant of all 55 felony counts of criminal possession of a forged instrument in the second degree, all seven felony counts of offering a false instrument for filing in the first degree, and three of the seven misdemeanor counts of misconduct in relation to the petitions. The defendant was subsequently sentenced to a conditional discharge and 100 hours of community service.

On appeal, the defendant contends, inter alia, that the verdicts of guilty on the four misdemeanor counts are against

the weight of the evidence. Since we agree that the jury's verdict finding the defendant guilty of four counts of misconduct in relation to a petition was against the weight of the evidence, we reverse.

"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Curry*, 112 AD3d 843, 844 [2013]; *see also* Arthur Karger, Powers of the New York Court of Appeals § 21:1 at 744 [3d ed rev 2005]). If a finding in favor of the defendant would not have been unreasonable, then this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d at 348). "Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted" (*People v Curry*, 112 AD3d at 844). "Essentially," this Court "sits as a thirteenth juror and decides which facts were proven at trial" (*People v Danielson*, 9 NY3d at 348, citing *Tibbs v Florida*, 457 US 31, 42 [1982]). If it appears that the fact-finder failed to give the evidence the weight it should be accorded, then this Court may set aside the verdict and dismiss the accusatory instrument or any reversed count (*see* CPL 470.20 [5]; *People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Here, the defendant was found guilty of counts 9, 30, 43, and 61, as set forth on the verdict sheet which, in connection with the jury instruction, charged the defendant with committing misconduct in relation to certain pages of designating petitions for districts 6, 36, 70, and 71, respectively, on July 13, 2000. As relevant here, "[a]ny person who . . . [b]eing . . . a subscribing witness to a petition . . . for the designation or nomination of a candidate . . . thereby makes a false statement . . . is guilty of a misdemeanor" (Election Law § 17-122 [7]). This crime requires the People to prove, beyond a reasonable doubt, that one charged with such an offense had knowledge that the statement subscribed and sworn to by him or her was known by him or her to be false (*see People v Maxam*, 161 AD2d 961, 962 [1990]; *see also People v Miller*, 138 Misc 2d 639, 652 [Sup Ct, NY County 1988]).

The People presented the testimony of a number of individuals whose names appeared on the subject designating petitions, but who testified that they had not signed the petitions or that

they did not recognize their signature. Certain of these witnesses recalled having contact with the defendant at some point during the petition process, but denied signing their names themselves, or testified that they signed for someone else. Other witnesses denied any interaction with the defendant. The People also presented, over the defendant's objection, the testimony of a member of the United States Secret Service, who testified as an expert in the area of forensic document examination. The expert, who testified that she had not examined the handwriting of any of the individuals whose names appeared on the subject designating petitions, opined that it was "possible" that one of the signatures attributed to a voter had been signed by the defendant.

The defendant testified on his own behalf. Having gathered thousands of signatures in the three years intervening between the 2000 election and his 2003 retrial, the defendant did not have a specific recollection of many of the signatures. He did however, testify that he personally witnessed the signatures to which he attested as a subscribing witness and specifically recalled witnessing signatures on a number of occasions that were disputed by the People.

Upon the exercise of our factual review power (*see* CPL 470.15), we determine, in the first instance, that acquittal of all the charges submitted to the jury would not have been unreasonable based upon the evidence presented and, moreover, that the jury failed to accord the evidence the weight it should have been accorded with respect to the four counts of misconduct in relation to a petition for which it returned a guilty verdict (*see People v Marchena*, 116 AD3d 713 [2014]; *People v Curry*, 112 AD3d at 845; *People v McMitchell*, 110 AD3d 923, 924 [2013]; *People v Boley*, 106 AD3d 753, 753 [2013]). In light of, inter alia, the defendant's acquittal by the jury on 79 of the 83 counts charged, which we may consider in conducting a weight of the evidence review (*see People v Rayam*, 94 NY2d 557, 563 n [2000]; *People v Small*, 109 AD3d 842, 843 [2013]; *People v Fisher*, 104 AD3d 868, 869 [2013]; *People v Otway*, 71 AD3d 1052, 1054 [2010]; *People v Franco*, 11 AD3d 710, 710-711 [2004]), the evidence, when properly weighed, did not prove, beyond a reasonable doubt, that the defendant was guilty of committing misconduct in relation to petitions as charged in counts 9, 30, 43, and 61 on the verdict sheet (*see generally People v Lipton*, 54 NY2d 340, 349 [1981]; *People v Morgan*, 111 AD3d 1254, 1257-1258 [2013]; *cf. People v Jackson*, 111 NY 362, 369 [1888]). Accordingly, we reverse the judgment, dismiss the consolidated indictment, and remit the matter to the Supreme Court,

Rockland County, for further proceedings consistent with CPL 160.50.

In light of our determination, we need not address the defendant's remaining contentions. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.