■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE DAVIS, Appellant. [986 NYS2d 185]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 15, 2012, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

At trial, a jury acquitted the defendant of one count of robbery in the second degree, an element of which is causing physical injury, but convicted him of another count of robbery in the second degree, an element of which is aided by another person. His codefendant, Teddy Sancho, was tried with him and was convicted of robbery in the first degree and two counts of robbery in the second degree.

"Upon [a] defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]). "If a finding in favor of the defendant would not have been unreasonable, then this Court 'must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions' " (*People v Curry*, 112 AD3d 843, 844 [2013], quoting *People v Danielson*, 9 NY3d at 348). "Once this Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted" (*People v Curry*, 112 AD3d at 844). This Court essentially "sits as a thirteenth juror and decides which facts were proven at trial" (*People v Danielson*, 9 NY3d at 348, citing *Tibbs v Florida*, 457 US 31, 42 [1982]; *see People v Noble*, 86 NY2d 814, 815 [1995]). If it appears that the factfinder failed to give the evidence the weight it should be accorded, then this Court may set aside the verdict and dismiss the accusatory instrument or any reversed count (*see* CPL 470.20 [5]; *People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Upon conducting our analysis in accordance with the foregoing principles, we find that the verdict convicting the defendant of robbery in the second degree under a theory of accessorial liability was against the weight of the evidence. To sustain a conviction of robbery in the second degree under Penal Law § 160.10 (1), the People must show that a defendant forcibly stole property and was "aided by another person actually pre-

sent." To establish a defendant's guilt of this crime on the theory of accessorial liability, " 'the evidence, when viewed in a light most favorable to the prosecution, must prove beyond a reasonable doubt that the accused acted with the mental culpability necessary to commit the crime charged and that, in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided the principal to commit such crime' " (*People v Farrell*, 61 AD3d 696, 697 [2009], quoting *Matter of John G.*, 118 AD2d 646, 646 [1986]; *see People v Marchena*, 116 AD3d 713, 714 [2d Dept 2014]).

Here, the defendant was charged with robbery in the second degree stemming from allegedly aiding Sancho in robbing the complainant of a cell phone. At trial, the People presented evidence that the complainant, a driver for a "dollar van" rental company, had a confrontation with Sancho, another "dollar van" driver, about money the complainant allegedly owed to their employer. Sancho shoved the complainant, took $100 from the complainant's pocket, and ordered the complainant to get into his own van. Sancho then got into the passenger seat and displayed a pistol, and the complainant told Sancho that he had more money at home and that he would give it to him. The complainant then drove the van to his home, and when they arrived, the complainant ran inside and locked the door behind him, leaving Sancho outside. Sancho eventually left in the complainant's van.

Later that night, the complainant's van was returned to him by someone named Dave. As the complainant walked towards the van, he observed the defendant standing approximately 10 feet away, talking on the phone. The defendant approached the complainant, they bumped fists, and the complainant heard the defendant say either "he is here" or "I'm here" into the phone. As the complainant walked closer to the van, he saw another person and Sancho, who started calling out to him. The complainant walked away to call 911, and as he was on the phone, Sancho struck him in the face. The complainant fell to the ground and the defendant punched him, kicked him, and held him on the ground while Sancho hit him. The complainant was eventually able to run away. As the complainant fled, Sancho called out to him and waved his phone at him, which had fallen to the ground when he was punched, laughing and asking if he wanted to finish his phone call with the 911 operator, who was still on the line.

Upon the exercise of our factual review power (*see* CPL 470.15), we determine that an acquittal of the charge of robbery in the second degree would not have been unreasonable based

upon the evidence presented (*see People v Marchena*, 116 AD3d 713, 714 [2d Dept 2014]; *People v Curry*, 112 AD3d at 845; *People v McMitchell*, 110 AD3d 923, 924 [2013]; *People v Boley*, 106 AD3d 753, 753 [2013]). Moreover, we determine that the evidence presented at trial did not establish, beyond a reasonable doubt, that the defendant shared Sancho's intent to rob the complainant of his cell phone or that the defendant solicited, requested, commanded, importuned or intentionally aided Sancho in forcibly taking or retaining the complainant's cell phone. Thus, the judgment must be reversed and the indictment dismissed (*see generally People v Romero*, 7 NY3d 633 [2006]).

In light of our determination, we need not address the defendant's remaining contention. Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.