People v Demirkaya (2021 NY Slip Op 50075(U))

[*1]

People v Demirkaya (Demet)

2021 NY Slip Op 50075(U) [70 Misc 3d 137(A)]

Decided on February 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-763 S CR

The People of the State of New York,
Respondent,
against
Demet Demirkaya, Appellant. 

Young & Young, LLP. (Richard W. Young, Sr. of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office, for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Andrew Kay, J.H.O.), rendered March 7, 2019. The judgment, after
a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [b]) for driving a vehicle that was allegedly traveling 89 miles per hour (mph)
in a 55 mph speed zone. Following a nonjury trial, the court found defendant guilty of traveling
85 mph in a 55 mph speed zone, and imposed a fine in the amount of $200.
To the extent that defendant's contentions on appeal may be construed as a challenge to the
legal sufficiency of the evidence, they are unpreserved for appellate review, as defendant failed to
move for dismissal on this ground at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 20-21 [1995]). However, upon a defendant's
request, this court must conduct a weight of the evidence review and, thus, "a defendant will be
given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). If a finding in favor
of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must
weigh conflicting testimony, review any rational inferences that may be drawn from the evidence
and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless,
great deference is accorded to the factfinder's opportunity to view the witnesses, hear their
testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Bleakley, 69 NY2d 490, 495 [1987]). However, if it appears that the factfinder failed to give
the evidence the weight it [*2]should be accorded, this court may
reverse the judgment of conviction and dismiss the accusatory instrument (see CPL
470.20 [5]; People v Romero, 7
NY3d 633, 643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
Application of these principles here warrants the conclusion that the verdict convicting defendant
of speeding was not against the weight of the evidence (see People v Jacobs, 62 Misc 3d 126[A], 2018 NY Slip Op
51852[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Goldmann, 61 Misc 3d
149[A], 2018 NY Slip Op 51746[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
We have reviewed defendant's remaining contention and find it to be unpreserved for
appellate review and, in any event, without merit.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2021