People v Fazylov (2021 NY Slip Op 50629(U))

[*1]

People v Fazylov (Yunatan)

2021 NY Slip Op 50629(U) [72 Misc 3d 130(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-642 N CR

The People of the State of New York,
Respondent,
against
Yunatan Fazylov, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Jared A. Chester and Benjamin Kussman of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D.
Harris, J.), rendered March 6, 2019. The judgment, upon a jury verdict, convicted defendant of
petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with petit larceny and, following a trial, the jury found defendant
guilty and the court imposed sentence.
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v
Danielson, 9 NY3d 342, 348 [2007]; see also People v Joyner, 126 AD3d 1002 [2015]). If a finding in
favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must
weigh conflicting testimony, review any rational inferences that may be drawn from the evidence
and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless,
great deference is accorded to the jury's opportunity to view the witnesses, hear their testimony,
and observe their demeanor (see People
v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
However, if it appears that the jury failed to give the evidence the weight it should be accorded,
this court may reverse the judgment of conviction and dismiss the accusatory instrument (see
CPL 470.20 [5]; People v
Romero, 7 NY3d 633, 643—644 [2006]; People v Mateo, 2 NY3d 383,
410 [2004]). Application of these principles here warrants the conclusion that the verdict
convicting defendant of petit [*2]larceny was not against the
weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021