People v Grayevsky (2024 NY Slip Op 51176(U))

[*1]

People v Grayevsky (Noa)

2024 NY Slip Op 51176(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2022-972 S CR

The People of the State of New York, Respondent,
against
Noa Grayevsky, Appellant. 

Tilem & Associates, P.C. (Robert M. Schechter of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of East Hampton, Suffolk County (Lisa Rana, J.), rendered November 23, 2022. The judgment convicted defendant, after a nonjury trial, of using a portable electronic device while operating a motor vehicle, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was found guilty of using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]), and the court imposed sentence.
As to defendant's claims of bias, she failed to interpose "any specific, relevant objections to the trial court's alleged bias" (People v Prado, 1 AD3d 533, 534 [2003]; see People v Matthews, 71 Misc 3d 126[A], 2021 NY Slip Op 50223[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Youngelman, 52 Misc 3d 136[A], 2016 NY Slip Op 51050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]) and, thus, did not preserve such claims for appellate review (see Matthews, 2021 NY Slip Op 50223[U]; People v Gold, 42 Misc 3d 139[A], [*2]2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Bellamy, 5 Misc 3d 131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]). In any event, there is nothing in the record to support defendant's contention that the court acted in a manner that deprived her of a fair trial or demonstrated any bias toward her (see Matthews, 2021 NY Slip Op 50223[U]; People v Coleman, 62 Misc 3d 127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Youngelman, 2016 NY Slip Op 51050[U]). 
Defendant's legal insufficiency claim is not preserved for appellate review as she failed to raise these same arguments with specificity before the Justice Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]; Matthews, 2021 NY Slip Op 50223[U]; People v Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). However, upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). "Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the [offense], for even if the prosecution's witnesses were credible their testimony must prove the elements of the [offense] beyond a reasonable doubt" (Danielson, 9 NY3d at 349). If a finding in favor of a defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). If it appears that the factfinder failed to give the evidence the weight it should be accorded, this court may reverse the judgment of conviction and dismiss the accusatory instrument (see CPL 470.20 [5]; People v Romero, 7 NY3d 633, 643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that "no person shall operate a motor vehicle while using any portable electronic device while such vehicle is in motion." A "portable electronic device" is defined as including a "hand-held mobile telephone" (Vehicle and Traffic Law § 1225-d [2] [a]). Additionally, "[a] person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . . [and t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section" (Vehicle and Traffic Law § 1225-d [4]).
Here, a police officer testified at trial that he had observed defendant driving on Montauk Highway while holding a cell phone in her right hand and looking down at it. Thus, although the officer could not specify what defendant was doing with the phone at the time he observed her holding it, his testimony was legally sufficient to invoke the presumption that defendant was impermissibly operating a motor vehicle while using a portable electronic device (see Vehicle and Traffic Law § 1225-d [1], [4]; Matthews, 2021 NY Slip Op 50223[U]; People v Vogt, 70 [*3]Misc 3d 30 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Hakim, 2018 NY Slip Op 51112[U]; People v Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50842[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Pursuant to the statute, the burden was then on defendant to rebut that presumption by demonstrating that she was not using such a device within the meaning of Vehicle and Traffic Law § 1225-d (2) (b) (see Vehicle and Traffic Law § 1225-d[4]; Matthews, 2021 NY Slip Op 50223[U]; People v Scheck, 65 Misc 3d 131[A], 2019 NY Slip Op 51571[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
In an attempt to rebut the presumption, defendant sought to enter photographs and documents, including an electronic cell phone record, into evidence. However, the People objected to their admission, as defendant had failed to lay a proper foundation therefor, and the Justice Court sustained the objection. "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an [improvident exercise] of discretion, those rulings should not be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000]; see People v Brewer, 28 NY3d 271, 277-278 [2016]; Matter of State of New York v John S., 23 NY3d 326, 344 [2014]; Matthews, 2021 NY Slip Op 50223[U]; People v Sweeney, 66 Misc 3d 12 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Here, we find that the Justice Court properly sustained the prosecutor's objection to defendant's attempt to offer uncertified copies of cell phone records (see Hakim, 2018 NY Slip Op 51112[U]). Such documents are business records subject to the evidentiary rules governing their admissibility (see CPLR 4518; see generally People v Kennedy, 68 NY2d 569 [1986]), and defendant did not produce the documents in admissible form, nor did she lay a sufficient foundation to satisfy the business records exception to the hearsay rule (see Hakim, 2018 NY Slip Op 51112[U]). While courts may afford a pro se litigant some latitude, he or she acquires no greater right than any other litigant and will be held to the same standards of proof as those who are represented by counsel (see Duffen v State of New York, 245 AD2d 653 [1997]; Roundtree v Singh, 143 AD2d 995 [1988]; Hakim, 2018 NY Slip Op 51112[U]). In any event, defendant's cell phone records could not have exonerated her since evidence that she did not make a telephone call or send a text message at the time would not have completely absolved her of being guilty of violating Vehicle and Traffic Law § 1225-d, as Vehicle and Traffic Law § 1225-d (2) (b) prohibits other types of uses of cell phones while a vehicle is in motion (see Hakim, 2018 NY Slip Op 51112[U]). Thus, upon a review of the record, we find that the Justice Court's evidentiary rulings were proper exercises of its wide discretion to preclude or admit evidence (see Carroll, 95 NY2d at 385; Matthews, 2021 NY Slip Op 50223[U]; Sweeney, 66 Misc 3d 12; Coleman, 2018 NY Slip Op 51857[U]).
Whether defendant otherwise sufficiently rebutted the presumption is, in essence, a credibility determination (see Lane, 7 NY3d at 890; Romero, 7 NY3d at 644-645; Matthews, 2021 NY Slip Op 50223[U]; Hakim, 2018 NY Slip Op 51112[U]; People v Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), which the Justice Court resolved in the People's favor (see Matthews, 2021 NY Slip Op 50223[U]; Hakim, 2018 NY Slip Op 51112[U]). Upon an independent review of the record, while according deference to the Justice Court's opportunity to view the witnesses, hear their testimony, and observe their demeanor, we find no basis to disturb the court's finding. Consequently, the [*4]verdict convicting defendant of violating Vehicle and Traffic Law § 1225-d (1) was not against the weight of the evidence (see Matthews, 2021 NY Slip Op 50223[U]; Vogt, 70 Misc 3d 30; Scheck, 2019 NY Slip Op 51571[U]; Hakim, 2018 NY Slip Op 51112[U]; Devaul, 2018 NY Slip Op 50993[U]; Agbimson, 2016 NY Slip Op 50842[U]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024