People v Stauffer (2025 NY Slip Op 50478(U))

[*1]

People v Stauffer (Heather)

2025 NY Slip Op 50478(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2023-820 S CR

The People of the State of New York, Respondent,
against
Heather Stauffer, Appellant. 

Suffolk County Legal Aid Society (Genevieve M. Cahill of counsel), for appellant.
Suffolk County District Attorney (Jamie H. Greenwood, Marion Tang and Glenn Green of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Bernard C. Cheng, J.), rendered July 19, 2023. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with, and following a jury trial (Bernard C. Cheng, J.) convicted of, assault in the third degree (Penal Law § 120.00 [2]), and a sentence of two years' probation was imposed. On appeal, defendant contends that her written statement should have been suppressed; that the evidence presented at trial was legally insufficient to support the conviction; that the verdict was against the weight of the evidence; that the word "assault" should have been redacted from the complainant's medical records before they were entered into evidence; that the calls to 911 by the complainant's wife should not have been admitted into evidence; and that the sentence imposed was harsh and excessive.
The determination of a hearing court, pertaining to suppression, must be accorded great weight on appeal because of the hearing court's ability to observe and assess the credibility of the witnesses (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Coleman, 306 AD2d 941 [2003]; People v Pincus, 184 AD2d 666 [1992]). Thus, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court and its findings should not be disturbed unless clearly erroneous or unsupported by the record (see Prochilo, 41 NY2d at 761; People v Cleveland, 257 AD2d 689 [*2][1999]; People v Gagliardi, 232 AD2d 879 [1996]). A review of the record of the Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]) clearly demonstrates that defendant's written statement was not made until after she knowingly, intelligently, and voluntarily waived her Miranda rights (see Miranda v Arizona, 384 US 436 [1966]; People v Anderson, 42 NY2d 35 [1977]). Consequently, the District Court's decision not to suppress defendant's written statement should not be disturbed on appeal (see Prochilo, 41 NY2d at 761).
Defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review since she moved in the trial court for an order of dismissal based upon the same contentions now being argued on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). When reviewing the legal sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]) and ascertain whether there is "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial," and, as a matter of law, establish all the elements of the offense charged beyond a reasonable doubt (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Gordon, 23 NY3d 643, 649 [2014]; People v Delamota, 18 NY3d 107, 113 [2011]). Additionally, upon a defendant's request, this court must conduct a weight of the evidence review (see People v Danielson, 9 NY3d 342, 348 [2007]). If a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; Bleakley, 69 NY2d at 495).
A person is guilty of assault in the third degree in violation of Penal Law § 120.00 (2) when he or she recklessly causes physical injury to another person. Here, the evidence presented at trial reveals that the complainant testified that defendant assaulted him causing him physical injury, that surveillance video of the incident confirms his testimony, and that defendant admitted in her written statement that she assaulted him. Consequently, giving the People the benefit of every reasonable inference to be drawn from the evidence (see People v Cintron, 95 NY2d 329, 332 [2000]), they established all of the elements of a violation of Penal Law § 120.00 (2) beyond a reasonable doubt as they proved that defendant "was aware of and consciously disregard[ed] a substantial and unjustifiable risk" that she would cause physical injury to the complainant, who defendant described as an elderly looking man, when she pushed him (Penal Law §§ 15.05 [3]; 120.00 [2]; see Matter of Joe R., 44 AD3d 376 [2007]).
With respect to defendant's justification defense (see Penal Law § 35.15 [1]), an examination of the trial record reveals that, even if defendant actually believed that the complainant was about to use physical force against her fiancé and that her own use of physical force was necessary to defend her fiancé from the complainant, based on the totality of the evidence, particularly the surveillance video, it is clear that defendant was the initial aggressor and, consequently, her use of physical force was not justified (see People v Walker, 26 NY3d 170, 177 [2015]; People v Goetz, 68 NY2d 96, 114-116 [1986]). Thus, the People disproved defendant's justification defense beyond a reasonable doubt (see Penal Law §§ 25.00 [1]; 35.00, [*3]35.15 [1]). Moreover, in view of the foregoing, it cannot be said that the jury failed to give the evidence the weight it should be accorded. Consequently, we conclude that the conviction was based on legally sufficient evidence and the verdict was not against the weight of the evidence (see Matter of Joe R., 44 AD3d 376; People v Gambetta, 33 AD3d 537 [2006]).
It is well settled that trial courts are accorded wide discretion in making evidentiary rulings (see People v Brewer, 28 NY3d 271, 276-278 [2016]; People v Carroll, 95 NY2d 375, 385 [2000])and, absent an improvident exercise of discretion, those rulings should not be disturbed on appeal to an intermediate appellate court (see People v Dawson, 195 AD3d 1157, 1162 [2021]; People v Grayevsky, 83 Misc 3d 133[A], 2024 NY Slip Op 51176[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]). Here, we find that, as the description of how the complainant sustained an injury to his left wrist was relevant to his diagnosis and treatment, including surgery, it was not an improvident exercise of discretion for the District Court to have determined not to redact the word "assault" from the medical records before allowing them into evidence pursuant to the business records exception to the hearsay rule (see CPL 60.10; CPLR 4518; People v Ortega, 15 NY3d 610, 617 [2010]; Dawson, 195 AD3d 1157; People v Singleton, 140 AD2d 388 [1988]). Additionally, we find that, regardless of whether it was an improvident exercise of discretion for the District Court to have admitted the 911 calls by the complainant's wife into evidence, such error was harmless, as the evidence of defendant's guilt, particularly the surveillance video and the testimony of both the complainant and the investigating police officer, was overwhelming and there is no reasonable possibility that the admission of the 911 calls affected the verdict (see People v Cedeno, 27 NY3d 110, 121-122 [2016]; People v Hardy, 4 NY3d 192, 198 [2005]; People v Crimmins, 36 NY2d 230, 241 [1975]).
We find that defendant's sentence was neither harsh nor excessive (see People v Suitte, 90 AD2d 80, 85 [1982]), and no extraordinary circumstances exist that warrant a modification of the sentence in the interest of justice (see People v Hodges, 13 AD3d 979 [2004]; People v Dolphy, 257 AD2d 681 [1999]; People v Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025